STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Appellant,

v.

John D. WILLIAMS and Mary C. Williams,
Respondents.

No. 44990.

Supreme Court of Missouri.

Division No. 1.

April 9, 1956.

Robert L. Hyder, Minor C. Livesay, Jefferson City, for appellant.

Williams & Norton, North Kansas City, for respondents.

HOLMAN, Commissioner.

In this condemnation case the commissioners awarded defendants the sum of $14,750 as damages for the appropriation of their property and both parties filed exceptions. The circuit court trial resulted in a verdict and judgment for defendants in the amount of $15,000 and plaintiff has duly appealed therefrom. Since the amount in controversy is in excess of $7,500 our jurisdiction is apparent. Article V, § 3, Constitution of Missouri, 1945, V.A.M.S.

Plaintiff condemned the whole of defendants' property in connection with improvements being made upon U. S. Route 69. The instant property is located in that part of Clay County recently annexed to Kansas City, Missouri, and is described as "all of Lots 36, 37, 38 and 39 in Block 14, in Kansas City Suburban Acreage Estates." Located thereon was a modern five-room frame house, a garage, and another building referred to as a barn. Since the property of defendants was taken in its entirety the only issue for the determination of the jury was the reasonable market value of same on the date of appropriation.

Defendant John D. Williams testified that the property had a reasonable market value of from $21,000 to $22,000. Leonard C. Miller, a real estate broker with wide experience as an appraiser, placed such value at $18,700. Another witness for defendants, Arthur Reppert, an abstractor with twenty years' experience as an appraiser of real estate in this area, said the reasonable market value of the property was $19,500. Both Miller and Reppert, in arriving at their valuation, considered the fact that this property was suitable for business purposes.

Plaintiff presented a number of witnesses who testified to various amounts, ranging from $6,500 to $7,300, at which they valued the said real estate. Thereafter, plaintiff called George C. Wigert, a building inspector in the Public Works Department of Kansas City, Missouri, who related that for four or five months he had been in charge of enforcement of the zoning ordinance of that city. Referring to a plat he had before him, this witness testified that the instant property was zoned R-1; that it "came into the city after annexation as an R-1 District, meaning one-family dwelling units only."

At the close of all the evidence plaintiff's counsel made the following objection: "Plaintiff objects to the testimony of defendants' witnesses as to the value of the real estate based on commercial property and ask that it be stricken from the record and the jury instructed to disregard it, for the reason that it is highly speculative; that there is no evidence of the property being zoned for anything except private

residential use; that there is no evidence that it will be anything except residential zoning within the reasonable foreseeable future." This objection and motion to strike were overruled. Other evidence relating to the zoning question and the adaptability of this property for commercial purposes will hereafter appear.

Upon this appeal the plaintiff contends that the court erred (1) in refusing the aforesaid motion to strike the testimony of defendants' witnesses, (2) in giving Instruction No. 1, offered by defendants, because it permitted the jury, in determining the market value, to consider the suitability and adaptability of this land for commercial or business use, and (3) in refusing to give Instruction A, offered by plaintiff, which directed the jury to consider the zoning ordinance then in effect, and not to take into consideration the future possibility of a change in said ordinance. For all practical purposes it is obvious that there is but one basic issue before us and hence it would appear that a determination of the first point briefed will substantially dispose of the other two.

We will first consider the evidence on the issue as to the zoning of defendants' property. In response to a question as to how it was zoned defendants' witness Miller answered, "Why, the city engineer recently gave me this map. It isn't anything that's for public distribution over there, but they gave it to me, and there, anything that's in red on there is C–2 [commercial], and this property is, it's on both side [of] Vivion Road at this point up to Hardesty. Q. It's zoned to C–2? A. It's so indicated here, yes, sir. Now, if it isn't, zoning could be changed easy."

To rebut this testimony plaintiff offered the witness Wigert (the building inspector) who, as previously stated, testified from a plat or map to the effect that the property was zoned as residential. Thereafter, in the trial court, and also in this court, plaintiff seems to have assumed that Wigert's testimony was conclusive on the question and that it should be said as a matter of law that the property was zoned as residential. In this the plaintiff is clearly mistaken.

■ It should be noted that the zoning ordinance was not offered in evidence, nor were either of the maps to which the witnesses referred. In this situation the determination of this issue depended entirely upon the weight and credit to be given to the testimony of these witnesses. It was the province of the jury to make that determination. Plaintiff argues, however, that there was no competent evidence that the property was zoned C–2 as the testimony to that effect was based on hearsay. Since no such objection was made in the trial court, that contention cannot be considered here. Hearsay testimony, unobjected to, should be considered. Certainly, when viewed most favorably to defendants, there was substantial evidence adduced from which the jury could reasonably have found that the instant property was zoned as commercial.

■ Moreover, even if we assume that the property was zoned as residential, we think the evidence would have authorized the consideration of its value for commercial purposes. As indicated, plaintiff contends that if the property was zoned as residential on the day of the taking, the defendants are absolutely prohibited from showing the value of the land for commercial purposes. It is argued that any variance from that rule would permit a recovery for damages based upon remote, speculative and conjectural possibilities.

■ We cannot agree with the contention of plaintiff in this regard. It may be conceded that ordinarily only uses for which the land is adapted and available may be considered. However, an exception to this general rule is recognized in cases where the land is not available for a certain use because of a zoning ordinance, if the evidence indicates a reasonable probability of a change in the zoning ordinance in the reasonably near future. "The courts have had little difficulty in reaching what seems to us to be a proper result in cases involving zoning ordinances. It is gen-

erally held that although an ordinance may prohibit the use of the property for certain purposes at the time of condemnation, yet if there is a reasonable probability that the ordinance may be changed or an exception made, the value for that purpose as affected by the existing ordinance may be considered." Orgel on Valuation Under Eminent Domain (2d Ed.), Section 34, page 167.

The Texas Supreme Court, in considering the question of allowing consideration of value for commercial purposes in the face of contrary zoning restrictions, said, "if it appears reasonably probable to the trial judge that the wants and needs of the particular community may result, within a reasonable time, in the lifting of restrictions, he should admit testimony of present value based on prospective use of the property for purposes not then available." City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808, 815. Other cases supporting our conclusion are City of Beverly Hills v. Anger, 127 Cal.App. 223, 15 P.2d 867; Long Beach City High School District of Los Angeles County v. Stewart, 30 Cal.2d 763, 185 P.2d 585, 173 A.L.R. 249; Hall v. City of West Des Moines, 245 Iowa 458, 62 N.W.2d 734.

Plaintiff relies mainly upon our case of Kansas City, Missouri, v. Aronson, Mo. Sup., 282 S.W.2d 464, in support of its contention. In that case the trial court refused to permit a showing by the landowners that the property was adaptable to a use prohibited by the zoning regulations. This court upheld the action of the trial court but did so on the ground that the evidence failed to show any likelihood of a change in the zoning restrictions. Actually, that opinion is in complete harmony with the view we have expressed, as it recognized the foregoing rule and cited many of the cases that appear in the instant opinion.

■ In the case before us there is ample evidence to support the view that the land is adaptable for commercial uses, is actually located in a commercial area, and (if not already so zoned) it appears probable that it will, in the near future, be zoned as C–2. It appears from plaintiff's evidence that when this area was annexed by Kansas City it was brought in as an R–1 district. However, assuming such to be true, the evidence further indicates that the City Planning Commission had prepared a master plan for rezoning all annexed areas and that the property in question is located thereon in an area designated as commercial. In addition, the witnesses for defendants testified that the property was particularly suited for a commercial retail development. It fronts upon a major highway which is heavily traveled. A large Ford Plant is located on the same highway about one and one-half miles east of this property. There are a number of business establishments in the vicinity. Mr. Reppert repeatedly stated that he was valuing it as business property because it was located in a business area. In view of the substantial evidence indicating a reasonable probability that the zoning, if residential, would soon be changed to commercial, we think the trial court was clearly correct in refusing to strike out the evidence of which plaintiff complained.

■ Plaintiff also contends that the court erred in giving defendants' Instruction No. 1 because it permitted the jury, in determining the reasonable market value of this land, to consider its adaptability and suitability for commercial or business use. The foregoing discussion, relating to the evidence on this question, will indicate our view that this was a proper element to be considered in determining the reasonable market value of this land. It therefore follows that this assignment is ruled against plaintiff.

Finally, plaintiff asserts that the court erred in refusing to give Instruction A offered by it. This instruction stated that, in determining the reasonable market value of this property, the jury should consider the zoning ordinances of Kansas City at that time in force and effect and "you shall not take into consideration the future possibility of a change in said zoning ordinance." The court properly refused this instruction. The quoted portion is clearly

not in accord with the views we have heretofore expressed.

The judgment is affirmed.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.