STATE OF NEW JERSEY, BY THE STATE HIGHWAY COMMISSIONER, PLAINTIFF-APPELLANT, v. FIORE GORGA AND GLORIA GORGA, DEFENDANTS-RE-SPONDENTS.

Argued December 9, 1957—Decided February 17, 1958.

*Mr. William J. McCormack,* Deputy Attorney-General of New Jersey, argued the cause for appellant (*Mr. Grover C. Richman, Jr.,* Attorney-General of New Jersey, attorney; *Mr. Christian Bollermann,* Deputy Attorney-General, of counsel).

*Mr. Ervan F. Kushner* argued the cause for respondents (*Mr. Robert Kleiner,* on the brief).

The opinion of the court was delivered by

WEINTRAUB, C. J. This is a condemnation case. The Appellate Division reversed the judgment upon defendants' appeal, 45 *N. J. Super.* 417 (1957), and we granted the State's petition for certification. 25 *N. J.* 49 (1957).

We think the judgment of the Appellate Division should be affirmed but with some clarifying observations.

██ The ultimate issue here is the fair market value as of the date of taking, *New Jersey Highway Authority v. Wood,* 39 *N. J. Super.* 575, 579 (*App. Div.* 1956),

certification denied, 21 *N. J.* 551 (1956), determined by what would be agreeable to a buyer and seller acting without compulsion. *State by State Highway Com'r v. Burnett,* 24 *N. J.* 280, 288 (1957). Manifestly the permissible uses under a zoning ordinance bear crucially upon that value. 4 *Nichols, Eminent Domain* (*3d ed.* 1951), § 12.322, *p.* 140; *cf. Overpeck Land Corp. v. Village of Ridgefield Park,* 104 *N. J. L.* 402 (*E. & A.* 1928).

█ The specific question is whether market value as of the date of taking may be affected by the prospect of an amendment of the zoning ordinance. Analytically, the question is one of fact. Abstractly considered, it would not matter whether the zoning change is probable or remotely possible if the parties to the sale would in fact be influenced thereby in fixing the price. And if there were sales close to the critical date of other property within the area which it is claimed should be rezoned, presumably the prices paid would reflect the actual effect of the likelihood of a change. But that theoretical situation rarely exists, and since the opportunity for unbridled speculation is apparent, rules must be formulated consonant with the principle that the owner shall receive the fair market value of the land for any use for which it has a commercial value in the immediate present or in reasonable anticipation in the near future. *Currie v. Waverly and New York Bay Railroad Co.,* 52 *N. J. L.* 381, 395 (*E. & A.* 1890); *Bergen County Sewer Authority v. Borough of Little Ferry,* 15 *N. J. Super.* 43, 56 (*App. Div.* 1951).

█ It is generally agreed that if as of the date of taking there is a reasonable probability of a change in the zoning ordinance in the near future, the influence of that circumstance upon the market value as of that date may be shown. *United States v. 50.8 Acres of Land,* 149 *F. Supp.* 749, 752 (*D. C. E. D. N. Y.* 1957); *Board of Education of Claymont Special School Dist. v. 13 Acres of Land,* 131 *A. 2d* 180, 183 (*Del. Super. Ct.* 1957); *State Roads Commission of Maryland v. Warriner,* 211 *Md.* 480, 128 *A. 2d* 248, 250 (*Ct. App.* 1957); *State of Missouri ex rel. State*

*Highway Commission v. Williams,* 289 *S. W.* 2d 64, 67 (*Mo. Sup. Ct.* 1956); *City of Austin v. Cannizzo,* 153 *Tex.* 324, 267 *S. W.* 2d 808, 814 (*Sup. Ct.* 1954); *Long Beach City High School Dist. of Los Angeles County v. Stewart,* 30 *Cal.* 2d 763, 185 *P.* 2d 585, 588, 173 *A. L. R.* 249 (*Sup. Ct.* 1947).

Whether there is evidence of such probability to warrant submitting the issue to the jury, is in the first instance a question for the court as in the case of any other issue of fact. *State of Missouri ex rel. State Highway Commission v. Williams, supra,* 289 *S. W.* 2d at *page* 67; *In re Armory Site in Kansas City,* 282 *S. W.* 2d 464, 471 (*Mo. Sup. Ct.* 1955); *cf. Long Beach City High School Dist. v. Stewart, supra,* 185 *P.* 2d at *page* 591.

The important *caveat* is that the true issue is not the value of the property for the use which would be permitted if the amendment were adopted. Zoning amendments are not routinely made or granted. A purchaser in a voluntary transaction would rarely pay the price the property would be worth if the amendment were an accomplished fact. No matter how probable an amendment may seem, an element of uncertainty remains and has its impact upon the selling price. At most a buyer would pay a premium for that probability in addition to what the property is worth under the restrictions of the existing ordinance. In permitting proof of a probable amendment, the law merely seeks to recognize a fact, if it does exist. In short if the parties to a voluntary transaction would as of the date of taking give recognition to the probability of a zoning amendment in agreeing upon the value, the law will recognize the truth.

Here defendants' testimony was confined to the value the property would have if it were rezoned. No testimony was directed to the target, what a willing buyer would pay a willing seller as of the date of taking for the property as then zoned, taking into account the probability, as it then appeared, of an amendment in the near future. In support of his opinion of the then market value, an expert may

advert to the value the property would have if rezoned, but only by way of explaining his opinion of the existing market value.

We agree with the Appellate Division that an amendment of the ordinance which came into being after the date of taking should not be excluded solely because of the time sequence. But such evidence should be carefully confined to its proper role. It may serve only to support the reasonableness of the factual claim that on the date of taking the parties to a voluntary sale would have recognized and been influenced by the probability of an amendment in the near future in fixing the selling price. The fact would still remain that on the date of taking the property was otherwise zoned, and the value as of that date must still be reached on the basis of facts as they then would have appeared to and been evaluated by the mythical buyer and seller.

The State urges that the amendment should be excluded because it does not embrace the property in question, to which defendants reply that the *locus* was excluded because the State had instituted these proceedings and hence the municipality saw no purpose in rezoning land acquired by the State. The State further urges the amendment would not have been adopted if the condemnation program had not been put in motion. These several contentions require factual proof, and of course we cannot predict whether the facts will deprive the amendment of all probative value as a matter of law or merely bear upon the jury's consideration of it.

Subject to these views, the judgment of the Appellate Division is affirmed.

HEHER, J., concurring in result.

*For affirmance*—Chief Justice WEINTRAUB, and Justices HEHER, WACHENFELD, BURLING, FRANCIS and PROCTOR—6.

*For reversal*—None.