86 N.J. Super. 565 (1965)
207 A.2d 552
STATE OF NEW JERSEY, BY THE STATE HIGHWAY COMMISSIONER, PLAINTIFF-RESPONDENT,
v.
ADELE SPEARE, ET AL., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 21, 1964.
Decided February 25, 1965.
*570 Before Judges GOLDMANN, SULLIVAN and LABRECQUE.
Mr. Arthur E. Dienst argued the cause for appellant.
Mr. John F. Cannon, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by LABRECQUE, J.A.D.
These are consolidated appeals.
On October 26, 1961 the State Highway Commissioner instituted proceedings to acquire by condemnation certain lands located at the intersection of Route 22 and Mountain Avenue in Bridgewater Township, Somerset County, for highway improvement purposes (an overhead crossing with connecting ramp). A condemnation commission, after hearing testimony, filed a report from which the Commissioner appealed, and the appellant Adele Speare, one of the landowners, cross-appealed. A struck jury in the Law Division subsequently awarded her $33,000 (with interest, $36,802.68). Following denial of her motion for a new trial, she filed the first of the present appeals.
*571 While the appeal was pending before us, an order was entered remanding the matter to the trial court to permit the appellant to move for a new trial on the ground of newly discovered evidence. The motion was thereafter made and its denial is the basis of the second pending appeal.
The lands actually taken consisted of 3.64 acres out of a 12.55-acre tract owned by the appellant, located at the northeast corner of U.S. Route 22 and Mountain Avenue, having a frontage of 650 feet on Route 22. However, the Commissioner also sought to take temporarily two small parcels containing 2,620 and 2,840 square feet, respectively, for use during construction of the contemplated improvement, and to form and maintain slopes for grading along 1,592 feet of the remaining property of the appellant for an average depth of 24.88 feet, with the right of the landowner to remove said slopes upon furnishing adequate support or protection to the adjacent highway. The Commissioner also proposed to construct and permanently maintain two open ditches on appellant's remaining property, one 155 feet long and several feet wide, parallel to Route 22 and 20-25 feet distant therefrom, and the second 75 feet long and several feet wide, parallel to another portion of the land taken, 26-33 feet therefrom with ditch slopes adjacent to both ditches. He also sought the right to construct and maintain permanently a head wall, subsurface drains and appurtenances over the remaining land, and to fill in existing ditches thereon.
At the time of the taking the tract in question was located in an area which was zoned R-36, residential (one-family residences on 36,000 square feet). It had frontages of 882 feet on the north side of Route 22, 101.54 feet on both Route 22 and Mountain Avenue, and 1,216 feet on Mountain Avenue with access to and from all lanes of traffic on both highways. With respect to the remaining land, an acre or slightly less is encumbered by the slope easement referred to above. At the completion of the taking the appellant's frontage was diminished to 334 feet along Route 22 and 545 feet along Mountain Avenue. Two streams which had run through the property *572 were eliminated by being diverted into the highway drainage system. Appellant's land was generally about 3 feet below the grade of Route 22.
As to the first appeal, appellant urges that (1) the verdict of the jury was inadequate and contrary to the weight of the evidence; (2) the evidence does not support the verdict; (3) one of the jurors was not impartial, unprejudiced and free from improper influences, and (4) the trial court erroneously excluded relevant and admissible evidence bearing on the question of damages.
The newly discovered evidence upon which the application for a new trial was based consisted of evidence that (1) a judgment had been entered in the Law Division subsequent to the filing of the appeal which invalidated the provisions of the zoning ordinance restricting the use of the subject premises to residential, and (2) the remaining 8.91 acres of the appellant's tract had been sold, subsequent to the trial, for $89,100 cash. The denial of the motion for a new trial is asserted to constitute an abuse of discretion which requires reversal.

I.
A landowner whose property is taken for public use is entitled to just compensation. N.J. Const. 1947, Art. I, par. 20. Where the whole is taken this would amount to the fair market value of the property as of the date of taking, determined by what would be agreeable as between a willing seller and a willing buyer, neither being under any compulsion. State by State Highway Com'r. v. Gorga, 26 N.J. 113 (1958); State by State Highway Com'r. v. Burnett, 24 N.J. 280 (1957); City of Trenton v. Lenzner, 16 N.J. 465 (1954), certiorari denied 348 U.S. 972, 75 S.Ct. 534, 99 L.Ed. 757 (1955); Tennessee Gas Transmission Co. v. Maze, 45 N.J. Super. 496 (App. Div. 1957). In the case of a partial taking, the measure is generally the difference between the market value of the property before the taking and the market value of the remainder after the taking. Port of New *573 York Authority v. Howell, 59 N.J. Super. 343 (Law Div. 1960), affirmed 68 N.J. Super. 559 (App. Div. 1961); Butler Hard Rubber Co. v. City of Newark, 61 N.J.L. 32 (Sup. Ct. 1897). The proximate effects of the taking must also be considered in ascertaining the value of the remaining land. Village of Ridgewood v. Sreel Investment Corp., 28 N.J. 121 (1958); Sterner v. Nixon, 116 N.J.L. 418 (E. & A. 1936); Mangles v. Hudson County Board of Chosen Freeholders, 55 N.J.L. 88 (Sup. Ct. 1892); cf. Monmouth Consolidated Water Co. v. Blackburn, 72 N.J. Super. 377 (Law Div. 1962).
At the trial in the Law Division there developed the usual diversity of opinion among the experts as to the value of the land taken and the damage to the remainder. The Commissioner's expert, Sidney Halpern, testified to a total of $27,110. He was of the opinion that the entire tract had a value of $62,750, and that after the taking of the 3.64 acres the remaining 8.91 acres still had a value of $4,000 per acre, or $35,640, leaving $27,110 as the net damage to the owner from the taking. The appellant called two experts, Carmine V. Pascarello and Daniel C. Hanrahan. Pascarello valued the lands taken at $115,500, and the damage to the remainder at $24,000, making a total of $139,500. Hanrahan was of the opinion that the damage amounted to $109,000, a figure arrived at by deducting the value of the acreage remaining, $32,000, from his opinion of the value of the entire tract, $141,000. The condemnation commissioners had awarded $36,695.
Appellant first urges that the verdict of the jury was inadequate and contrary to the weight of the evidence, and that her motion for a new trial based upon these grounds was erroneously denied. She contends that (a) the evidence as to value preponderated in her favor; (b) the use of certain comparable sales by the Commissioner's expert calls for a higher overall value, and (c) the opinion of the Commissioner's expert was based upon an unjustifiably restricted use of the lands in question.
*574 On an application for a new trial, the trial judge may not substitute his judgment for that of the jury. Andryishyn v. Ballinger, 61 N.J. Super. 386, 394 (App. Div. 1960). Only when and if it "clearly and convincingly appears that the verdict was the result of mistake, partiality, prejudice or passion" may the jury's verdict be thus set at naught. R.R. 4:61-1. In reviewing the ruling of the trial judge the scope of our review is even more limited, and the judge's action will not be disturbed unless it clearly and unequivocally appears that there has been an abuse of discretion on his part. Hartpence v. Grouleff, 15 N.J. 545 (1954); Fisch v. Manger, 24 N.J. 66 (1957); Kovacs v. Everett, 37 N.J. Super. 133 (App. Div. 1955), certification denied Kovach v. Kovacs, 20 N.J. 466 (1956). When, however, the action of the trial court is found to have been without basis in law or fact, or both, so that there has been a manifest denial of justice, reversal is called for. Hickman v. Pace, 82 N.J. Super. 483 (App. Div. 1964); Hartpence v. Grouleff, supra, at p. 548; Kulbacki v. Sobchinsky, 38 N.J. 435 (1962).
We are satisfied that the verdict rendered by the jury was not contrary to the weight of the evidence so as to justify a finding that it was the result of mistake, partiality, prejudice or passion. While all three experts were properly held to be qualified to give an opinion of value, the mere fact that two experts testified for the owner in opposition to one for the Commissioner was not dispositive. Equally as important as the experts' valuations were their reasons for their opinions of value, their experience with real estate in the area in question, and their professional qualifications.
Each of the experts supported his opinion of value with certain sales of property in the locality which he deemed comparable. Each cited as comparable the sale and resale of a parcel on the south side of Route 22 known as the Bound Brook Hospital tract, which had a frontage of 553 feet on Route 22, contained 22 acres, and was similarly zoned. It was the nearest to the subject premises of all the comparable sales cited. Halpern testified that it sold on August 2, 1960 *575 for $60,000, or $2,700 per acre. It was resold on January 3, 1963 for $85,250, or $3,875 per acre. Halpern later testified that the rear half of the plot was considerably below grade and would require filling in. It is urged that, since his analysis of this sale and resale was a factor which entered into his opinion that the subject premises had a value of $5,000 per acre, his opinion of value should be doubled to allow for a reanalysis of the hospital sale eliminating all but the "usable" acreage.
The argument thus raised loses sight of the fact that the additional (rear) land in the hospital tract, while below grade, was not thereby rendered totally unusable. Indeed, the subject property was also somewhat below grade along Route 22. Additionally, Halpern's valuation was not based solely on the sale and resale of the hospital parcel. On the contrary, he cited as comparable three additional sales of acreage of substantially similar size on Route 22 at $1,700, $3,400 and $5,000 per acre respectively. All qualified as comparable. Manda v. City of Orange, 82 N.J.L. 686 (E. & A. 1912); In re Housing Authority of City of Newark, 126 N.J.L. 60 (E. & A. 1940). The Bridgewater Township sales cited by appellant's experts, with the exception of the hospital tract, were of much smaller parcels and most were in the CM (commercial) zone. Their remaining sales involved property in Greenbrook Township.
The weight to be accorded sales which qualify as comparable, whether cited as direct evidence of value or support for the expert's opinion thereof, is for the trier of the facts. In re Port of New York Authority, 28 N.J. Super. 575 (App. Div. 1953); Moorestown Tp., Burlington County v. Slack, 85 N.J. Super. 109 (App. Div. 1964). In passing upon Halpern's testimony the jury had the right to consider, inter alia, his analysis of the sales in question, the availability of other sales which were more comparable, and the extent of comparability of each of the parcels cited with reference to time of sale, location and size.
*576 It is further urged that Halpern's testimony was entitled to little, if any, weight because he valued the subject property for residential use although a number of variances and zone changes had been previously granted permitting nonresidential use of other residentially zoned property along Route 22. It is urged that the residential zoning of the area in question constituted interim zoning and should not have been considered.
We deal here with the fair market value, as of October 26, 1961, which would be agreed upon voluntarily between a hypothetical owner willing to sell and a hypothetical buyer willing to purchase, neither being under compulsion. State v. Gallant, 42 N.J. 583 (1964). In arriving at such market value, if there is a reasonable probability of a change in zoning in the near future, the influence of that circumstance upon the market value of the property may be shown. State by State Highway Com'r. v. Gorga, supra, 26 N.J., at p. 116. The owner of condemned land is entitled to receive the fair market value of his land for any purpose for which it has commercial value in the immediate present or in reasonable anticipation in the near future. Bergen County Sewer Authority v. Little Ferry Borough, 15 N.J. Super. 43 (App. Div. 1951). In short, if the parties to a voluntary transaction in agreeing upon the price as of the date of the taking, would give recognition to the reasonable probability of a zoning amendment, or the granting of a variance for a given use, such factors may be shown as bearing upon value. Cf. State by State Highway Com'r. v. Gorga, supra, at p. 117.
Here appellant's experts gave their opinion of value based upon a commercial use of the property notwithstanding that it was zoned residential. They and other witnesses called by the appellant were permitted to testify as to the possibility of a change of zone, of variances which had been granted, and of business operations which were being permitted along Route 22.
There was also testimony which would support the conclusion that the lands in question were adapted to residential *577 use; that lands in Bound Brook immediately to the north of Route 22 and extending west from the subject premises were zoned residential, and that residences had been and were in the process of erection on an extension of Middlebrook Avenue, which extends westerly from Mountain Avenue parallel to Route 22. These were substantial homes, with back yards facing Route 22. On the east (Bridgewater Township) side of Mountain Avenue, directly north of the subject premises, was what one of appellant's experts characterized as a "very fine residential area." Halpern described the area as the "best residential section of Bridgewater Township." There was a subsequent change in the zoning ordinance which resulted in the upgrading of the area in question from R-36 to R-50, residential, requiring 50,000 square feet of land per one-family residence, and the creation of a commercial zone further west on Route 22.
The trial court, in a comprehensive charge to which no exception was taken, properly committed to the jury the task of determining the weight to be accorded the testimony of these experts and the amount to be paid appellant. While the jury's response does not appear to have been overgenerous, we are satisfied that the trial judge properly declined to set the verdict aside on that ground. The jury could well have determined that the Commissioner's expert, Halpern, possessed more experience and knowledge concerning real estate in the locality, and that the sales cited in support of his value were more comparable from the standpoint of time, size, location and zoning use.
Appellant next asserts that it was error to exclude from the jury's consideration the alleged increased cost of providing sewers to the remaining 8.9 acres of land owned by her.
Bridgewater Township is located between Greenbrook and Branchburg Townships. Route 22 passes through it in a generally east-west direction for a distance of approximately ten miles. At its easterly end, Bridgewater Township surrounds the Borough of Bound Brook on three sides. Mountain Avenue, where it intersects Route 22, divides Bridgewater Township *578 from that portion of Bound Brook lying to the west. Bound Brook had constructed a sewer on the portion of Mountain Avenue south of Route 22 (South Mountain Avenue). It did not extend north of Route 22. Some negotiations had been carried on between Bound Brook and Bridgewater Township with the view to permitting residents of Bridgewater Township living on the east side of Mountain Avenue (south of Route 22) to connect with the Bound Brook sewer in the bed of Mountain Avenue. These negotiations had not been finalized.
Appellant sought to establish by an engineer the additional cost of connecting up future homes which might be built on the remainder of her property with Bound Brook's sewer line on South Mountain Avenue. The evidence was tendered on the theory that the taking had left the remaining lands of the appellant 600 feet further away and that the raising of the grade of Mountain Avenue for the overpass would call for additional excavation to connect with the line. There was no testimony, however, that the line in question was intended to serve the area north of Route 22, much less serve Bridgewater Township residents north thereof. The township engineer knew of no instance where Bound Brook had furnished service to anyone on the north side of Route 22. There was no proof of any present or contemplated application for a connection to Bound Brook's sewer by appellant or any occupant of her remaining lands.
We are satisfied that the proffered testimony was properly excluded. Sewers were not required in Bridgewater Township. There was testimony that the sewer maintained by the Plainfield Joint Meeting already passed through a portion of the township and could be made available for further connections. Whether there would ever be a demand for sewer service in the area, whether residents of Bridgewater Township would ever request permission to connect with Bound Brook sewer system, and whether Bound Brook would ever accede to such requests, were matters of pure speculation. To have permitted the jury to consider the cost of such connection *579 would only have served to confuse. There was no abuse of the liberal discretion vested in the trial judge. New Jersey Highway Authority v. Rudd, 36 N.J. Super. 1, 3 (App. Div. 1955).
Complaint is likewise made that the trial court erroneously excluded testimony calculated to yield the cost of eliminating slope rights upon the erection of adequate support for the adjacent highway, and of bridging the ditches to afford better use of appellant's remaining lands. As noted above, the taking included such slope rights but appellant was accorded the right to remove them upon furnishing adequate support or protection to the adjacent highway. Appellant's experts, in arriving at their opinion of value, had given consideration to the burden upon the remaining lands brought about by the slope rights and drainage ditches in question. We cannot say that the trial judge committed an abuse of discretion in excluding this additional testimony. New Jersey Highway Authority v. Rudd, supra, at p. 5; cf. Tennessee Gas Transmission Co. v. Maze, supra, 45 N.J. Super., at p. 505. Its admission would have added an element of confusion with its attendant possibility of error. Whether the construction contemplated by the testimony would ever have taken place was a matter of pure speculation.
Appellant next urges that one of the jurors was not "impartial, unprejudiced nor free from improper influences." Specifically, it is contended that the juror in question had been a member of the Board of Adjustment of Bridgewater Township from January 1, 1962 to December 20, 1962, when he resigned. Therefore, it is suggested, he could have exercised undue influence on the jury as to the use of the property in question for other than residential use. She concludes that, since the jury's verdict indicated that it gave no consideration to the reasonable probability of rezoning the property for a use other than residential, this must have been directly attributable to the influence of the juror named. We disagree. The juror's short tenure on the board of adjustment did not begin until after the taking and was terminated prior to the trial of *580 the case. The record is devoid of any evidence of any impropriety on the part of the juror, Panko v. Flintkote, 7 N.J. 55 (1951); Capone v. Norton, 8 N.J. 54 (1951), or any showing of adverse prejudice bearing on the verdict, State v. Levitt, 36 N.J. 266, 271 (1961). There is no suggestion of any attempt by the juror to conceal his prior position. Wright v. Bernstein, 23 N.J. 284 (1957). On the contrary, the matter was tried before a struck jury, N.J.S. 2A:75-1 et seq., and appellant had every opportunity of excusing the juror had she so desired. Further, the verdict was unanimous.
Appellant's motion for a new trial, based upon the reasons stated, was properly denied by the trial court.

II.
On December 16, 1963 following an order of remand, appellant moved before the trial judge for a new trial on the ground of newly discovered evidence. In support thereof it was established that she had entered into a contract, dated February 1, 1963, for the sale of the portion of the subject premises remaining after the taking, for $89,100, and that it had been approved by the United States District Court for the Southern District of New York. Such approval was necessary by reason of proceedings by her and her husband under chapter XI of the Bankruptcy Act, then pending in that court. In addition, on November 8, 1963, in an action in lieu of prerogative writs, a judgment was entered invalidating, as to the lands of the plaintiffs therein, the provisions of the 1962 Bridgewater Township zoning ordinance which restricted such lands to residential use. Barone v. Township of Bridgewater, Docket L-15072-P.W. Appellant was a plaintiff in that suit, and the subject premises were affected thereby.
The trial judge denied the application, holding that the reasons urged did not amount to newly discovered evidence as contemplated by the rule. R.R. 4:62-2(b). Appellant now urges that the denial of a new trial for the reasons stated amounted to an abuse of discretion. Cf. Wilford v. Sigmund *581 Eisner Co., 13 N.J. Super. 27 (App. Div. 1951); Texas Co. v. DiGaetano, 71 N.J. Super. 413 (App. Div. 1962).
At the trial the jury was confronted with but a single issue  the damages resulting from the taking. This called for determination of the fair market value of appellant's lands as of the date of taking. The fact that the subject premises were then zoned R-36, residential, was material and relevant on the question of the usability of the land. Port of New York Authority v. Howell, supra, 59 N.J. Super., at p. 348. However, also evidential was evidence tending to establish the reasonable probability of an early change in use, whether by rezoning or variance, which would affect value. Cf. State by State Highway Com'r. v. Gorga, supra, 26 N.J., at pp. 116-118. As noted, the trial court permitted such evidence. Appellant urges that the price at which this portion of her lands had been sold was evidential as to the value of the total tract. She also urges that since the use to which the subject premises could be put was an important element entering into the determination of its fair market value, a judicial decision subsequently made which removed restrictions on its use, called for the setting aside of the previous verdict.
We are satisfied that the motion was properly denied. Neither of the reasons urged qualified as newly discovered evidence requiring the setting aside of the jury's verdict.
Newly discovered evidence which would probably alter a judgment and which could not have been discovered in time to move for a new trial under R.R. 4:61-2 may be the subject of a motion to relieve a party from a judgment. R.R. 4:62-2(b). Such a motion is addressed to the sound discretion of the trial court, to be governed by established principles of law and responding to the question of whether justice requires that relief be granted under the particular facts established. Shammas v. Shammas, 9 N.J. 321, 328 (1952); State v. Bunk, 4 N.J. 482, 485 (1950). The tests necessary to be met in order to entitle a party to a new trial on this ground are that the new evidence must (1) be material to the issue and not merely cumulative nor impeaching nor contradictory; *582 (2) in fact have been discovered since the former trial and be such as could not have been discovered before such trial by the exercise of due diligence, and (3) be such that it would probably change the result if a new trial was granted. State v. Bunk, supra, at p. 486, and cases cited therein; Hodgson v. Applegate, 55 N.J. Super. 1, 13 (App. Div. 1959), affirmed 31 N.J. 29 (1959). Notwithstanding its unavailability at the trial, evidence which is merely cumulative does not so qualify. Cusano v. Cusano, 19 N.J. Super. 255, 271 (App. Div. 1952).
We are satisfied that the contract in question did not qualify as newly discovered evidence calling for a new trial. Initially, it was not such evidence as could not have been produced at the trial by the exercise of due diligence. It was dated February 1, 1963. The trial was concluded on January 23, 1963. Presumably, the execution of the contract was preceded by negotiations which in all probability began long before and continued through the trial. Yet, the record is devoid of any intimation that negotiations for such a sale were pending, and there was no application to delay the trial date to allow completion of the negotiations, if they had not already been completed. Although appellant's first motion for a new trial was supported by a lengthy affidavit by her husband, and could not have been heard until February 1, at the earliest, it contains no reference whatever to the pending contract.
In City of East Orange v. Crawford, 78 N.J. Super. 239, 244 (Law Div. 1963), it was held that, in a condemnation appeal, evidence of the price agreed upon, prior to the taking, in a binding contract of sale for the property by the owner and purchaser, both acting in good faith, was evidential of the fair market value thereof. The admissibility of such a contract would, of course, be subject to the same qualifications applicable to proof of a completed sale of the subject premises. See New Jersey Highway Authority v. Rudd, supra, 36 N.J. Super., at pp. 4-5. The contract here involved was negotiated some 27 months after the taking. Its binding force *583 was blunted by a series of contingencies, the principal one being that it was dependent upon a rezoning or variance being obtained to permit the construction of garden apartments on the plot in accordance with plans contemplated by the prospective purchasers. It exculpated one, at least, of the prospective purchasers from personal liability on the contract. The sellers further convenanted and agreed that:
"* * * the slope rights will not prevent the erection of the contemplated apartment house, and the title company will insure against removal of buildings and existence of the ground as contemplated by the improvement, despite such reservation in the state."
It also contained an additional provision that:
"The parties covenant and agree that sewer easements and the cost of installation shall be obtained at such cost as may be required, provided that the first $10,000.00 of such cost shall be borne by the sellers, and if the cost in excess of $10,000.00 shall be an additional $5,000.00, the purchasers may reject the contract. Installation costs shall be determined by a competent engineer, by way of estimate."
Any doubt as to the binding quality of the contract is dissipated by what subsequently transpired. Pursuant to the terms thereof, appellant made application to the Board of Adjustment of Bridgewater Township for a variance to permit the erection of the garden apartments referred to. On October 31, 1963, after a full hearing, it was unanimously denied.
Nor did the November 8, 1963 judgment of the Law Division constitute such newly discovered evidence. In the context of the facts here presented, a change in the zoning ordinance by judicial decision subsequent to trial, did not constitute newly discovered evidence. Cf. State v. Kaiser, 80 N.J. Super. 176, 180 (App. Div. 1963). In that case it was held that judicial decision was not "evidence" at all. Assuming, arguendo, that it could be so held, we incline to the view that such evidence could have been presented at the trial by the exercise of due diligence and that it was no more than cumulative.
*584 Appellant's argument, in substance, is predicated upon the fact that Halpern, the Commissioner's expert, based his opinion of value upon a residential use only and gave no consideration to a possible commercial use. In this he relied upon the zoning ordinance in effect at the time of the taking and the fact that subsequently there had been manifestations that residential zoning would continue to be maintained in the area. On the other hand, appellant's experts testified that the highest and best use, and the only use to which the property was adapted, was commercial. The decision of the Law Division is offered as indicative that Halpern was wrong and appellant's experts were right, and that since it has been held that the restriction to residential use is no longer effective, there must be a revaluation based upon commercial use. We disagree. Had the trial court succumbed to this form of logic and granted a new trial with its resultant increased verdict, the subsequent reversal of Barone by this court on September 17, 1964, Barone v. Township of Bridgewater, Docket A-332-63, would have called for yet another new trial. And if, following the granting of certification of Barone, 43 N.J. 357 (1964), there is another reversal in the Supreme Court, a fourth trial would be required.
Appellant's contention that the property should not have been considered as being restricted to residential use was fully developed at the trial and the possibilities of commercial use through rezoning or variance were extensively explored. That the jury rendered a verdict which was some $6,000 in excess of Halpern's opinion of value, demonstrates that it valued the property at a higher rate than would be justified were it restricted to residential use. The proffered evidence could have been no more than cumulative. Since the suit was not instituted until after the taking, it was not a factor which would have been taken into consideration in arriving at the fair market value as of that time. Additionally, the evidence could have been produced at the trial by the exercise of due diligence, either through a motion to adjourn the case sub judice or to consolidate the cases and delay the *585 trial of the condemnation case until the action in lieu of prerogative writs had been determined. Appellant, a party to both suits, elected to remain silent. Public policy and sound jurisprudence dictate that there must be a finality to judgments and an end to litigation. Paradise v. Great Eastern Stages, Inc., 114 N.J.L. 365, 367-68 (E. & A. 1934); Hodgson v. Applegate, supra, 31 N.J., at p. 43.
The judgment of the Law Division is affirmed.