134 N.J. Super. 287 (1975)
340 A.2d 665
STATE OF NEW JERSEY, BY THE COMMISSIONER OF TRANSPORTATION, PLAINTIFF-RESPONDENT,
v.
WILDLIFE PRESERVES, INC., A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 22, 1975.
Decided May 13, 1975.
*288 Before Judges KOLOVSKY, LYNCH and ALLCORN.
Mr. John N. Malyska argued the cause for the appellant (Messrs. Meyner, Landis & Verdon, attorneys).
Mr. Stephen A. Herman, Deputy Attorney General, argued the cause for the respondent (Mr. William F. Hyland, Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
PER CURIAM.
This is a companion case to State v. Market Associates and Wildlife Preserves, Inc., 134 N.J. Super. 282, decided by this court today. Although the issues are substantially the same, we reach a contrary result.
In the present cause the date of taking by the State was March 23, 1967. At that date, the zoning regulations affecting the use of the property taken were those that had been adopted by the municipality in 1964. Despite the fact that more than two years had elapsed between the adoption of the regulations in 1964 and the date of the taking, defendant had not challenged their validity nor, so far as the record discloses, did any other person similarly affected attack the regulations  all, including defendant, seemingly content *289 with the regulations. Even following service of the complaint in this condemnation proceeding defendant took no action whatever to obtain a judicial review of the regulations. Indeed, it was not until August 12, 1968  a month and a half after those regulations had been amended by the municipality, and more than 16 months subsequent to the taking date  that the defendant initiated any challenge to the validity of the controlling regulations.
Thus, as of the date of this taking the likelihood that the controlling use regulations would be declared invalid was exceedingly remote, at best  in turn rendering the prospect of a change in the use regulations by reason of a declaration of invalidity most dubious. Absent a reasonable probability on the date of the taking of a change in the zoning ordinance in the near future, in the very nature of things the owner's proof as to market value necessarily is restricted to the highest and best use of the land as permitted by the local use regulations in effect at the taking date. State v. Gorga, 26 N.J. 113 (1958).
Moreover, throughout the trial it was the undeviating position of the landowner that, by reason of its peculiar physical characteristics, the land taken was not susceptible to the construction of buildings on it, but rather "has to be used in its natural state"; and, therefore, that the highest and best use of the land "is as an educational facility, also to foster conservation and also for some form of recreation and research in connection with conservation." In these circumstances, the landowner may not on this appeal urge that the land was susceptible of a different (and, presumably, more valuable) use.
Accordingly, the judgment is affirmed.