134 N.J. Super. 282 (1975)
340 A.2d 663
STATE OF NEW JERSEY, BY THE COMMISSIONER OF TRANSPORTATION, PLAINTIFF-RESPONDENT,
v.
MARKET ASSOCIATES, A PARTNERSHIP OF NEW JERSEY, AND WILDLIFE PRESERVES, INC., A NEW JERSEY CORPORATION, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 22, 1975.
Decided May 13, 1975.
*284 Before Judges KOLOVSKY, LYNCH and ALLCORN.
Mr. John N. Malyska argued the cause for the appellants (Messrs. Meyner, Landis & Verdon, attorneys).
Mr. Stephen A. Herman, Deputy Attorney General, argued the cause for the respondent (Mr. William F. Hyland, Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
The opinion of the court was delivered by ALLCORN, J.A.D.
In the unusual, almost unique, circumstances present in this case, defendant landowners were entitled to show and should be permitted to introduce evidence that, on the date of the taking, a willing buyer and a willing seller would have recognized the reasonable probability in the near future of a change in the local zoning ordinance affecting the use of the property taken, and the influence of that factor on the market value as of the date of the taking. State v. Gorga, 26 N.J. 113 (1958).
Given the history through 1963 of the municipal zoning regulations affecting the use of all or the major portion of the lands condemned and the judicial treatment of those regulations (see Morris County Land, etc. v. Parsippany-Troy Hills Tp., 40 N.J. 539 (1963), and Jersey Central P. & L. Co. v. Morris County Land, etc., 91 N.J. Super. 40 *285 (App. Div. 1966)), the likelihood that the amended regulations affecting the use of these premises, adopted in 1968, would be declared invalid in the litigation challenging their validity (pending at the time of the filing of the condemnation proceeding), was exceedingly strong. This likelihood, in turn, rendered it at least reasonably probable that there would be a change of those zoning regulations in the near future. Consequently, the determination of the trial judge that, as of the date of taking, there was no reasonable probability of a zone change in the near future, was in error and must be reversed, and the cause remanded for trial.
On the trial both sides will be entitled to introduce evidence (1) as to the market value of the land on the taking date as restricted by the controlling use regulations contained in the 1968 zoning ordinance, and (2) as to the premium, if any, that a buyer would pay and a seller accept in light of the reasonable probability of a zoning change in the near future. As the court observed in Gorga:
The important caveat is that the true issue is not the value of the property for the use which would be permitted if the amendment were adopted. Zoning amendments are not routinely made or granted. A purchaser in a voluntary transaction would rarely pay the price the property would be worth if the amendment were an accomplished fact. No matter how probable an amendment may seem, an element of uncertainty remains and has its impact upon the selling price. At most a buyer would pay a premium for that probability in addition to what the property is worth under the restrictions of the existing ordinance. In permitting proof of a probable amendment, the law merely seeks to recognize a fact, if it does exist. In short if the parties to a voluntary transaction would as of the date of taking give recognition to the probability of a zoning amendment in agreeing upon the value, the law will recognize the truth. [26 N.J. at 117]
Nevertheless, evidence as to the market value of the property for the uses which would be permitted if the zoning change were in fact adopted or which would be permitted were the property to remain unzoned following the likely judicial declaration of invalidity of the regulations in effect as of the date of taking, may be submitted. But such testimony *286 may be received only for the limited purpose of explanation by the expert of his opinion of the then market value as affected by the reasonable probability of a zone change in the near future, and the jury should be instructed accordingly. Id. 26 N.J. at 117-118.
The circumstance that this court in 1974 did in fact declare invalid the 1968 zoning regulations governing the use of this property (Wildlife Preserves, Inc. v. Parsippany-Troy Hills Tp.), and that thereafter the Supreme Court denied certification (65 N.J. 294 (1974)), is of no significance on the issue of value in this litigation; nor does it sanction proof by the landowner of the market value of the property on the basis of its highest and best use as though it were unregulated or unzoned at the time of the taking. The value must be determined in the light of the attendant facts and circumstances as of the date of the taking  including the existence of the uninvalidated zoning regulations, and the reasonable probability of their being changed by reason of their likely invalidity. To the extent that this holding is in conflict with the principles set forth in Jersey Central P. & L. Co. v. Morris County Land, etc., 91 N.J. Super. 40 (App. Div. 1966), we decline to follow them for the foregoing reasons.
We find no error in the denial by the trial judge of defendants' request to stay the trial in the Law Division pending disposition of the proceedings challenging the validity of the 1968 zoning regulations.
Accordingly, the judgment is reversed, and the cause is remanded to the Law Division for trial.