172 N.J. Super. 216 (1980)
411 A.2d 724
BOROUGH OF KINNELON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SOUTH GATE ASSOCIATES, DEFENDANT-APPELLANT, AND THE E.B. LEONE GROUP, INC., THE ESTATE OF JOHN A. TALBOT AND E.B. LEONE, DEFENDANTS-INTERVENORS-APPELLANTS, AND SMOKE RISE OF KINNELON, N.J., INC., A N.J. CORPORATION, AND CURTISS-WRIGHT CORPORATION, A N.J. CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 28, 1980.
Decided February 20, 1980.
*217 Before Judges ALLCORN, MORGAN and FRANCIS.
*218 Albert Burstein argued the cause for appellant South Gate Associates (Wolf, Baumann & Burstein, attorneys).
John M. Mills, III, argued the cause for defendants-intervenors appellants (Mills, Hock, Dangler & Mills, attorneys).
Alfred J. Villoresi argued the cause for respondent (Villoresi and Buzak, attorneys; John P. Jansen on the brief).
The opinion of the court was delivered by ALLCORN, P.J.A.D.
Our review of the pertinent provision of the zoning ordinance satisfies us that it plainly prohibits the use of the lands of appellants for commercial lumbering or timbering operations.
It is our further view that there is nothing whatever in the policy, purpose or language of the Farmland Assessment Act, N.J.S.A. 54:4-23.1 et seq., or its underlying constitutional authorization, N.J.Const. (1947), Art. VIII, § I, par. 1(b), which preempts or indicates any intent to preempt the power and authority to adopt zoning ordinances delegated to municipalities under N.J.S.A. 40:55D-1 et seq., pursuant to N.J.Const. (1947), Art. IV, § VI, par. 2. In short, the Farmland Assessment Act does not preclude municipalities from prohibiting, restricting or conditioning the use of property for commercial farming or timbering operations where appropriate in light of the considerations legislatively mandated by N.J.S.A. 40:55D 2, N.J.S.A. 40:55D-62 and other applicable provisions of the Municipal Land Use Law.
Indeed, those considerations themselves include the providing of "sufficient space in appropriate locations for a variety of agricultural, residential, recreational, commercial and industrial uses and open space ... according to their respective environmental requirements in order to meet the needs of all New Jersey citizens" and, additionally, the promotion of "the conservation of open space and valuable natural resources. *219 ..." N.J.S.A. 40:55D-2(g), (j). These cited concerns, however, are but some of the various considerations critical to the adoption of zoning plans and zoning ordinances. They are not the exclusive criteria under the Municipal Land Use Law, nor do they become the exclusive or overriding criteria by reason of the Farmland Assessment Act. Terhune v. Franklin Tp., 107 N.J. Super. 218, 222 (App.Div. 1969). To the extent that the decision in Mindel v. Franklin Tp., 167 N.J. Super. 461 (Law.Div. 1979), may suggest otherwise, it is disapproved.
So far as concerns the asserted unconstitutionality of the section of the ordinance in question by reason of its purported unreasonableness in its application to the properties of each of the respective defendants, the proofs fall far short of overcoming the presumption of validity and reasonableness attaching to it. Hudson Circle Servicenter v. Kearny, 70 N.J. 289, 298-299 (1976). Similarly, there is no merit to the contention that the borough is barred by estoppel or laches from the enforcement of the ordinance. East Orange v. Board of Water Commissioners, 41 N.J. 6 (1963); Universal Holding Co. v. North Bergen, 55 N.J. Super. 103 (App.Div. 1959).
Affirmed.