CRABTREE, J.T.C.
This is a local property tax case wherein plaintiff seeks review of a judgment of the Passaic County Board of Taxation affirming the denial of plaintiff’s application for farmland assessment for 1982. The timely filed application was denied by defendant’s assessor in September 1981.
The property in question consists of approximately 128 acres of woodland, which has been subject to professional forestry management since 1959. At that time, plaintiff’s forester, Stanley Mesavage, conducted a timber analysis on the property and planned a large timber sale which occurred in 1959. In 1976 plaintiff and Mesavage entered into a written agreement pursuant to which Mesavage conducted an extensive survey of the property, which included a classification of all the standing timber and an estimate of its quantity and market value, as well as a soils analysis. In 1976, under Mesavage’s direction, 61,700 board-feet of timber were sold for $2,280. In 1977 *452 plaintiff received $200 from the United States Department of Agriculture for a silviculture program conducted on ten acres of the subject property. These two transactions produced the property’s only income from 1976 to date.
Mesavage also provided plaintiff with a farmland assessment report setting forth his estimates of annual stumpage growth and the incremental values thereof. Anticipated annual growth, expressed in dollars and referred to as timber accruals, were as follows:
YEAR ANNUAL TIMBER ACCRUAL
1977 $ 835.84
1978 992.03
1979 1,162.85
1980 1,349.48
1981 1,553.16
TOTAL $5,893.36
No timber was harvested in any of the years pertinent hereto after 1976. Mesavage’s forestry management plan, however, called for another timber harvest in 1983. In March of that year plaintiff agreed to sell 58,960 board-feet to Gilman Deshane, a timber broker, for $3,750. The buyer paid $1,000 down at that time and agreed to cut the timber and pay the balance upon issuance of the appropriate permit by the defendant municipality. The latter, in July 1983, refused to issue the permit on the ground that the transaction constituted a commercial logging operation prohibited by defendant’s zoning ordinance, as revised in 1981.
The Farmland Assessment Act provides for the assessment of real property at the value it has for agricultural or horticultural use if (a) it has been actively devoted to such use for at least two successive years immediately preceding the tax year; (b) the land area is at least five acres and (c) application is made by August 1 of the pretax year. N.J.S.A. 54:4-23.6. Land deemed in agricultural use includes land “devoted to the production for sale of plants and animals useful to man, including but not limited to: ... trees and forest products.” N.J.S.A. *453 54:4-23.3. Land is deemed actively devoted to agricultural or horticultural use
when the gross sales of agricultural or horticultural products produced thereon together with any payments received under a soil conservation program have averaged at least $500.00 per year during the 2-year period immediately preceding the tax year in issue, or there is clear evidence of anticipated yearly gross sales and such payments amounting to at least $500.00 within a reasonable period of time.
In addition, where the land is more than five acres in area, it shall be deemed to be actively devoted to agricultural or horticultural use when the gross sales of agricultural or horticultural products produced on the area above five acres together with any payments received under a soil conservation program have averaged at least $5.00 per acre per year during the 2-year period immediately preceding the tax year in issue, or there is clear evidence of anticipated yearly gross sales and such payments amounting to an average of at least $5.00 per year within a reasonable period of time, except in the case of woodland and wetland, where the minimum requirement shall be an average of $0.50 per acre on the area above five acres. [N.J.S.A. 54:4-23.5.]
Thus, it will be seen that plaintiff may satisfy the income requirements of the statute either by establishing annual gross sales averaging at least $561.50 ($500 for the first five acres plus $0.50 x 123 additional acres) for the years 1980 and 1981 or with clear evidence of anticipated yearly gross sales of at least $561.50 within a reasonable period of time following 1982.
Plaintiff has not satisfied the income requirement with respect to 1980 and 1981, the two successive years immediately preceding the tax year, as no income whatever was realized in those years. The forester’s estimates of timber accruals for 1980 and 1981 were merely his expression of increases in value; they do not satisfy the statutory requirement of gross sales. Green Pond Corp. v. Rockaway Tp., 2 N.J.Tax 273 (Tax Ct.1981), aff’d o.b. per curiam 4 N.J.Tax 534 (App.Div.1982).
 As for clear evidence of anticipated yearly sales in the requisite amount, the evidence shows that defendant’s zoning ordinance in effect at the end of the pretax year prohibited commercial logging operations on plaintiff’s property. The record in this case is devoid of any proofs as to when this prohibition might be lifted. Neither the Farmland Assessment *454 Act nor its underlying constitutional authorization preempts local zoning regulations from prohibiting, conditioning or restraining the use of property for commercial timbering operations. Kinnelon v. South Gate Associates, 172 N.J.Super. 216, 411 A.2d 724 (App.Div.), certif. den. 85 N.J. 94, 425 A.2d 260 (1980). More to the point, land used in violation of local zoning requirements is ineligible for farmland assessment. Clearview Estates, Inc. v. Mountain Lakes, 188 N.J.Super. 99, 456 A.2d 111 (App.Div.1982).
The existence of the prohibitions in defendant’s zoning ordinance made defendant’s refusal of a timber cutting permit in 1983 eminently foreseeable on December 31, 1981. Cf. State v. Gorgas, 26 N.J. 113, 138 A.2d 833 (1958).
Plaintiff contends, however, that the Right to Farm Act, N.J.S.A. 4C:1, et seq.,[1] overrides local zoning restraints upon agricultural and horticultural uses of land. The simple answer to this contention is that that legislation was enacted January 26, 1983, a date subsequent to the tax year involved in this case. The legislation is not retroactive and there is no evidence that its enactment was reasonably foreseeable at any time prior to the end of the tax year.[2]
In view of the foregoing I conclude that plaintiff has failed to establish its entitlement to farmland assessment for tax year 1982.
Judgment will be entered affirming the judgment of the Passaic County Board of Taxation.

L. 1983, c. 31

The court notes in passing that, even if plaintiffs assertion is correct that the Right to Farm Act overrides local zoning restraints, the legislative preemption is limited to commercial farms, defined in the act as the production of agricultural or horticultural commodities worth at least $2500 annually. The record in this case is devoid of any proofs pertaining to plaintiff's qualification as a commercial farm as so defined.