AMERICANA ASSOCIATES, PLAINTIFF-APPELLANT, v. BOR-
OUGH OF FORT LEE, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 7, 1985—Decided June 3, 1985.

Before Judges ANTELL, J.H. COLEMAN and SIMPSON.

*Todd M. Sahner* argued the cause for appellant (*Hannoch, Weisman, Stern, Besser, Berkowitz & Kinney,* attorneys;

*Carl G. Weisenfeld* of counsel; *Carl G. Weisenfeld, Todd M. Sahner* and *Michael A. O'Connor* on the brief).

*Steven Muhlstock* argued the cause for respondent (*Melvin Gittleman,* attorney; *George G. Frino* of counsel and on the brief).

The opinion of the court was delivered by,

ANTELL, P.J.A.D.

Plaintiff taxpayer appeals from a judgment of the Tax Court dated August 29, 1984 affirming real property valuations of the Bergen County Board of Taxation for 1976 through 1978 and increasing the valuation for 1979. In its presentation of evidence plaintiff relied entirely upon the capitalization of income approach for proof of true value. Defendant taxing district also offered proof of true value based on capitalized income. In addition, it proceeded on the cost approach, the market approach and two approaches which sought to establish values reflecting market potential for conversion to cooperative or condominium type ownership.

The Tax Court recognized that "there was inherent in the subject property a conversion feature which made it more valuable than a property which could only be utilized to produce rental income." However, for reasons which we find supported by substantial credible evidence, it concluded that because defendant had not shown by how much conversion potential added to the property's market value, it could not increase the valuation found by the County Board of Taxation for 1976–78.

The Tax Court suggested that capitalized income for 1976 through 1978 produced valuations less than the County Board's judgment, but rejected those figures as determinative of value. It reasoned that because this approach did not take into account conversion potential, it failed to reflect true value. Thus, on finding that neither party proved true value the Tax Court left

intact the judgment of the County Board of Taxation for the years 1976–1978. Because the capitalization of income approach produced a valuation for 1979 greater than what was found by the County Board the Tax Court increased the valuation for that year. It explained that valuation shown by capitalization of income is "the value floor of the subject property for 1979 since the conversion element is an addition rather than a deduction from such value." It also found that the higher valuation figure for 1979 was corroborated by two comparable sales shown by defendant's market data approach.

The value of conversion potential was not proven by defendant and plaintiff denied that there was such value. By burdening plaintiff with the consequences of defendant's failure to quantify conversion potential the effect of the Tax Court's determination was to oblige plaintiff to prove a method of appraisal which took into account the value of an unknown quantity. Although plaintiff insists that it is non-existent, and defendant is unable to show its worth, the Tax Court's judgment nevertheless requires that conversion potential be factored into true value as a condition to relief from the County Board's determination.

In *Center-Whiteman Corp. v. Fort Lee*, 4 *N.J. Tax* 153 (Tax Ct.1982) this same defendant's attempt to prove conversion potential was rejected by the Tax Court for lack of quantifying evidence. Although the court approved the approach in principle, *Id.* at 171–171, it characterized it as one that "is rife with uncertainties from an appraiser's point of view," *Id.* at 172, and observed that the proponent of such an "approach to value bears a very heavy burden of proof." *Id.* at 170. The criteria there applied required not only proof that a typical investor would consider the purchase of the property for condominium development, but also "substantial credible evidence of the market value of the subject property pursuant to this

method." *Id.* at 172. In other words, the existence of conversion potential depends upon proof of two elements: (1) a market for condominium and cooperative type ownership; (2) quantum of value on the market. The result there reached appears to be grounded in the following observation which was made at 168:

> Fundamental to the theory of value was the unfounded assumption that as of a particular assessment date the entire amount of individual dwelling units would be sold and, as of that date, taxpayer (as a hypothetical buyer or seller) would have a cash equivalency in hand. This assumption flies in the face of evidence adduced by both parties and the controlling public law of this State that clearly demonstrates the difficulties in developing and marketing converted dwelling units.

We approve the rationale applied in *Center-Whiteman.* A taxpayer cannot be expected to refute a phantom value. The fact that property may, as an abstract proposition, have potential conversion value may not be treated as an increment to value unless shown by quantifying evidence to be of meaningful substance. It follows that conventional proofs of true value, of the kind here offered, cannot be discarded merely because they fail to take into account an unspecified intangible value for conversion potential. The Tax Court's judgment affirming the determination of the County Board of Taxation is vacated for the years 1976–1978 and the matter is remanded for a redetermination of true value without regard to potential for condominium conversion.

The trial court rejected plaintiff's claim of discrimination for tax year 1976 because plaintiff had failed to prove true value for that year, "a necessary element in the claim for relief from a discriminatory assessment," citing *Continental Paper Co. v. Vil. Ridgefield Pk.,* 122 *N.J.Super.* 446, 450 (App.Div. 1973) certif. den. 63 *N.J.* 328 (1973). This ruling was predicated on the Tax Court's earlier determination that proof of capitalized income failed to demonstrate true value because it made no allowance for conversion potential. As explained, recognition of such potential value requires not only evidence of a market

for condominium development, but also evidence of quantified value.  Since quantifying evidence was not provided, plaintiff's omission to allow for conversion potential constituted no impediment to the proof of true value.  Accordingly, the question of discrimination for the year 1976 is also remanded for full consideration.

■ Finally plaintiff alleges error in the Tax Court's inclusion as income for capitalization rent monies held in two escrow accounts.  One account was for hardship rent increases for the years 1977–1979 which were the subject of court review as of the assessment dates.  The other account held rent monies paid in excess of that permitted by the Fort Lee Rent Leveling Ordinance pending court determination of the ordinance's constitutionality.  The Tax Court allocated percentages of the escrowed sums which it felt would, to a reasonable probability, be regarded as income for the years in question by a prospective prudent investor.  The question is one which is particularly appropriate for the expertise of the Tax Court and will not be disturbed on review.  *E.g. New Jersey Bell Telephone Company v. State,* 162 *N.J.Super.* 60, 77 (App.Div.1978); *In re Application of Howard Savings Bank,* 143 *N.J.Super.* 1, 11 (App. Div.1976).  Ample precedent exists to take into account the effect of probable governmental action upon the value of real property.  *State v. Gorga,* 26 *N.J.* 113, 117–118 (1958); *Hudson Terrace Apartments v. Fort Lee,* 191 *N.J.Super.* 489, 492 (App.Div.1982); *State v. Market Associates,* 134 *N.J.Super.* 282, 285 (App.Div.1975).

Reversed and remanded for a determination of true value consistent with this opinion and full consideration of plaintiff's claim of discrimination for 1976.  The Tax Court judge is free to take such additional evidence as he may consider necessary to a just resolution of the controversy.  We do not retain jurisdiction.