STATE HIGHWAY COMMISSION, APPELLANT, v. THE MAYOR AND BOARD OF ALDERMEN OF THE TOWN OF DOVER, RESPONDENT.

Submitted May 27, 1932—Decided October 17, 1932.

304

For the appellant, *William A. Stevens*, attorney-general; *Walter H. Bacon, Jr.*, and *George T. Vickers*.

For the respondent, *Samuel C. Meyerson*.

The opinion of the court was delivered by

Donges, J.   This appeal brings up a judgment of the Morris County Circuit Court, in favor of the town of Dover against the state highway commission, entered after a trial on appeal by the municipality from an award of commissioners in condemnation proceedings instituted by the highway commission to acquire certain lands of the municipality.

The record does not contain the proceedings prior to the trial on appeal, but contains a stipulation that the papers, orders and steps in procedure which are enumerated in the stipulation are regular in form and substance, and these indicate that the proceeding was initiated by the highway commission under the Eminent Domain act to have the value of the property taken determined in accordance with the provisions of that act.

It appears that the town of Dover was desirous of acquiring lands used by the Morris Conal and Banking Company, and sought to do so under the provisions of chapters 78 and 229 of the laws of 1924, and to that end made certain offers for the property.   Thereafter, it was asserted by the town that the canal company did not have title to the property and was merely in possession and using the same.   It is asserted,

and apparently not disputed that the canal company, under the terms of its charter, could not acquire title to lands by adverse possession, but had power to demise, grant, alien or sell only such lands as were received by it by donation or acquired by private contract. *Pamph. L.* 1824, *p.* 175, § 27, *Canal Charter.* There was no attempt, so far as the record shows, to establish by proofs that the canal company had legal title to the lands. So far as the proofs disclose, the legal title to the lands in question was in one Henrietta C. Brinckerhoff, deceased. On December 2d, 1926, Henry M. Brinckerhoff, trustee of said Henrietta C. Brinckerhoff, conveyed all of the right, title and interest of said Henrietta C. Brinckerhoff, deceased, to the town of Dover. Section 3 of chapter 78 of the laws of 1924 (*Pamph. L., p.* 151) provides for the acquisition of any outstanding interest or private rights in the lands used by the canal company. On July 27th, 1927, a conveyance to the town of Dover of all the right, title and interest of Morris Canal and Banking Company in the premises was made.

The appellant urges that the lands were held by the town in its governmental capacity, for public uses only, and that, therefore, the court should have instructed the jury to return a verdict for nominal damages only. Motions were made at the end of the town's case and at the conclusion of appellant's case for such instructions, and a request to charge seeks the same instruction.

The trial judge left the question as to whether the town held the property in its governmental capacity or whether it held it in its proprietary right to the jury as a question of fact. He charged, in accordance with the appellant's request, that if the lands were held by the town in its governmental capacity, that nominal damages only should be awarded. The jury evidently found the facts against the contention of the appellant, and awarded a verdict for the town in the sum of $7,500.

Without deciding whether or not, from the evidence submitted, the judge would have been justified in holding that the town acquired title from Brinckerhoff, and that it held it in its proprietary right, and that, therefore, there was no

question of fact for the jury to pass upon in that regard, we think the appellant was not entitled to have the jury instructed that the lands were held by the town in its governmental capacity. Consequently, we conclude that no error injurious to the appellant resulted from the court's action in submitting to the jury the question whether the land was held by the town in its governmental or its private right.

Further, it appears that the commission endeavored to negotiate for the property and offered $2,000 for it. Failing to reach an agreement with the town, it filed its petition under the Eminent Domain act to have ascertained the fair value of the lands and the damage sustained by the taking and condemning thereof. This was the issue framed by the Circuit Court judge and tried by the jury.

The act giving the commission authority to acquire lands provides that it may condemn according to the procedure outlined in the act entitled "An act to regulate the ascertainment and payment of compensation for property condemned or taken for public use (Revision of 1900)." This act provides for the filing of a petition, and the appointment of commissioners, who "shall proceed to view and examine the land and other property, and make a just and equitable appraisement of the value of the same, and an assessment of the amount to be paid by the petitioner for such land or other property and damage aforesaid." 2 *Comp. Stat.*, p. 2184.

The legislature undoubtedly has power to direct the manner in which property may be acquired for public use. *Freeholders of Monmouth County* v. *Red Bank and Holmdel Turnpike Co.*, 18 *N. J. Eq.* 91. It might have directed the highway commission to acquire lands of a municipality by some method other than provided in the Eminent Domain act. But it did not do so. It empowered the commission to enter upon and condemn land only in accordance with the terms of that act, which requires compensation to be made according to the just value of the lands taken.

It is not necessary to consider what the legal situation might be if the highway commission had entered upon lands

held in governmental capacity in consequence of legislative authority. The proceeding is under the act which requires the ascertainment of the value of the land, as in the case of privately owned property. There was no error in the trial judge submitting the question of the value of the lands to the jury.

Appellant contends that it was error to admit the opinion evidence of one Matthews. The specific testimony referred to is not contained in any ground of appeal, nor is there any exception to any testimony of this witness permitted by the trial judge to stand over objection.

It is next argued that it was error to admit the testimony of two witnesses, Henry C. Rieger and Edward Jenkins. There is no ground of appeal setting out the testimony alleged to have been erroneously admitted. The ground argued in appellant's brief is that no testimony should have been received from these witnesses as to the value of the lands taken because it is contended that the respondent was not entitled to recover more than nominal damages. This objection was not made at the trial and the court made no ruling upon this question. For the reasons above stated, however, the testimony was competent.

The appellant next contends that because real estate experts valued the lands in question at various figures from $22,498.28 to $31,200, there is no evidence to sustain the verdict for $7,500. But this is not necessarily true. Expert testimony is not necessarily binding upon the jury. The jury may adopt so much of it as appears sound, reject all of it, or adopt all of it. 10 R. C. L. 218; *Hinners* v. *Edgewater and Fort Lee Railroad Co.*, 75 N. J. L. 514. The verdict represents the judgment of the jury, after viewing the premises and considering all of the evidence with respect to the value of the land.

It is argued that it was error for the trial judge to refuse to charge that the town held the property in its governmental capacity. As above pointed out, we do not regard this refusal as erroneous.

Likewise, that the court erroneously refused the second

and fifth requests to charge. The second request was charged as submitted. The fifth request was an instruction to bring in a verdict for six cents. We think this request was properly refused.

We have examined the other matters urged as grounds for reversal, and find them to be without merit.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.