BOROUGH OF HAWORTH, A MUNICIPAL CORPORATION OF THE COUNTY OF BERGEN AND STATE OF NEW JERSEY, PROSECUTOR, v. STATE BOARD OF TAX APPEALS AND HACKENSACK WATER COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY. (1940 ASSESSMENT), RESPONDENTS.

Argued October 2, 1944—Decided January .8, 1945.

Before Justices CASE, BODINE and PORTER.

For the prosecutor, *Hennessy & Mowry* (*Frank H. Hennessy* and *Joseph L. Lippmann*).

For Hackensack Water Co., *Morrison, Lloyd & Morrison* (*Milton, McNulty & Augelli* and *William J. Morrison, Jr.*, of counsel).

The opinion of the court was delivered by

BODINE, J. The writ of *certiorari* brings up for review the judgment of the State Board of Tax Appeals with respect to assessments against lands in the Borough of Haworth for the year 1940. The lands are described on the assessment map at Section 1, Plots 1-A, 1-B, 1-C and 1-D.

The property in question is a tract of 243.76 acres of land constituting a portion of the Oradell reservoir owned by the Hackensack Water Company. This property was assessed for the purpose of taxation for the year 1940 by the borough assessor at a valuation of:

| | |
|---|---|
| Land ... . . .. ... . | $395,000.00 |
| Improvement .. . .. .. ... | 5,000.00 |
| Personal . . . . . . | None |

$400,000.00

The Bergen County Board of Taxation reduced the assessment on the land to $250,000. The assessment on improvements was not affected and is not in question. The State Board of Tax Appeals sustained the action of the County Board.

An assessment of the property in question for the year 1936 at $250,000 was sustained by this court in *Hackensack Water Co.* v. *State Board of Tax Appeals*, 122 *N. J. L.* 596. So also assessments for the years 1938 and 1939 in *Haworth* v. *State Board of Tax Appeals*, 127 *Id.* 67.

Mr. Justice Perskie in the latter case found that the proofs offered to disturb the findings of the State Board were not persuasive that an injustice had been done. *Colonial Life Insurance Co.* v. *State Board of Tax Appeals*, 126 *N. J. L.* 126.

It is admitted that there has been no change in the property. We will examine the proofs offered in this case, however.

Mr. Cornelius C. Vermuele, an engineer of more than fifty years' practice, estimated the reproduction cost but he had not visited the property since 1915 to make any survey. There is no physical property in the borough save water which floods the land in question; no plant and no pumping station.

Reproduction cost is not the criterion. We are not persuaded that Mr. Vermuele's estimate of a value of $3,500 an acre can be seriously considered. He had valued, as an expert, other comparable land at *$150* an acre. The reason for the variation in opinion was not satisfactorily explained.

The value of the entire property given for rate making purposes and in reports to the Securities and Exchange Commission is not material in determining the value of a portion of the property. *Woodcliff Lake* v. *State Board of Tax Appeals and Hackensack Water Co.,* 14 *N. J. Mis. R.* 132; *affirmed,* 117 *N. J. L.* 114.

The inventory value of automobile parts as evidence of value (*General Motors Corp.* v. *State Board of Tax Appeals,* 124 *N. J. L.* 212; *affirmed,* 125 *Id.* 574) is a very different subject-matter than lands flooded with water. Cost is never conclusive on the question of value for tax purposes. Expensive buildings are frequently sold for much less than cost as is common knowledge.

After reviewing all the evidence we cannot find that an injustice was done. The judgment under review will be affirmed.