163 N.J. Super. 166 (1978)
394 A.2d 390
COUNTY OF MIDDLESEX, PLAINTIFF-APPELLANT,
v.
CLEARWATER VILLAGE, INC., DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 26, 1978.
Decided October 19, 1978.
*170 Before Judges LORA and LARNER.
Mr. James B. Smith, Special Land Acquisition Attorney, argued the cause for plaintiff-appellant (Mr. Herman B. Hoffman, Middlesex County Counsel, attorney).
*171 Mr. Stewart M. Hutt argued the cause for defendant-respondent and cross-appellant (Messrs. Hutt, Berkow, Hollander & Jankowski, attorneys; Mr. Joseph J. Jankowski, on the brief).
The opinion of the court was delivered by LARNER, J.A.D.
This is a condemnation action instituted by the County of Middlesex which was heard by the court without a jury. It involves the taking of a parcel of undeveloped land consisting of 21.266 acres which is a part of a total tract of 85 acres purchased by Clearwater Village, Inc. (Clearwater) from the Borough of Spotswood in September 1973. After a plenary trial the court entered judgment for $250,000 based upon a finding that the portion of the land taken by the County had a value of $150,000 and that the taking resulted in severance damage to the remainder of the acreage to the extent of $100,000. Both the condemnor and condemnee felt aggrieved by this result and moved for a new trial. Upon denial of these motions both parties took an appeal to this court.
The county's appeal attacks the valuation of the condemned portion of the land and asserts that the award for severance damages is unwarranted on the record herein. Clearwater in turn cross-appeals, contending that the awards for the lands taken by the county and for the severance damage to the remainder were inadequate under the record evidence. It further asserts error in the rate and effective date of interest granted by the trial court.

I
In the valuation of the 21.266 acres taken by the county the trial judge first arrived at a fair market value of the entire 85-acre tract by a synthesis of the testimony of the experts on both sides of the controversy. He properly rejected the income analysis proposed by Schachter, Clearwater's appraiser, because it was inappropriate and highly *172 speculative in the context of vacant land. However, both Schachter and the County's appraiser, Lazarus, arrived at the approximate sum of $750,000 as the fair valuation of the entire tract of land as of the time of taking by utilizing an adjusted cost approach. We have no hesitancy in concluding that the judge's factual finding of $750,000 as the value of the entire parcel prior to the taking is fair and reasonable and is based upon substantial credible evidence in the record.
Having determined this pretaking value, the trial judge concluded that the 21-acre parcel taken by the county was an integral part of the total project planned by Clearwater pursuant to the terms of its commitment to the borough, as seller, to develop the tract as a senior citizen mobile home community. Accordingly, the judge found that the elimination of the condemned 21 acres would result in the loss of approximately 20% of the mobile home units planned by the owner. Thus, instead of analyzing the value of 21 acres either on the basis of the relationship of the area taken to the area of the entire tract or on the basis of its independent value because of its particular physical and topographical characteristics, the judge considered its value in the context of the impact upon the total economic unit of which it was a part. As a consequence, he concluded that the lands taken by the county had a value, bottomed upon their highest and mandated use, amounting to 20% of the total valuation of $750,000 or $150,000.
We are satisfied that the approach taken by the trial judge as the factfinder is a reasonable one in this case in view of the special purpose for which the property must be developed under the conditions of the sale from the Borough of Spotswood to Clearwater. The evaluation based on the commercial value of the land in the context of a development for a mobile home community is one appropriately left to the fact finder under the special circumstances herein where that is not only the highest and best use but is the only possible use to which the land can be put. See State v. Gorga, 26 N.J. 113 (1958).
*173 In arriving at the $150,000 valuation the judge deviated from the traditional articulation of the method of determining land values for condemnation purposes  namely, through a finding of the purchase price which would be agreed upon between a hypothetical willing buyer and seller. See State v. Gorga, supra; State v. Mehlman, 118 N.J. Super. 587 (App. Div. 1972); State v. Birch, 115 N.J. Super. 457 (App. Div. 1971); State v. Speare, 86 N.J. Super. 565 (App. Div. 1965). Nevertheless, this traditional definition is not one which is mandated in every condemnation matter. Where the property involved has a single special use by virtue of controlling ordinances or covenants, it is within the power and discretion of the factfinder to utilize other approaches which may be more realistically applicable to the unusual circumstances.
So long as the determination is rational, is supported by the evidence, and constitutes the "just compensation" mandated by the New Jersey Constitution (Art. I, ¶ 20), the means of arriving at such determination may be varied and flexible, dependent upon the character and use of the property involved. As observed by the Supreme Court in Jersey City Redevelopment Agency v. Kugler, 58 N.J. 374 (1971)
There is no precise and inflexible rule for the assessment of just compensation. The Constitution does not contain any fixed standard of fairness by which it must be measured. Courts have been careful not to reduce the concept to a formula. The effort has been to find working rules and practical standards that will accomplish substantial justice such as, but not limited to, market value. United States v. Cors, supra, 337 U.S. 325 at 332, 69 S.Ct. 1086, 93 L.Ed. 1392 at 1398; 27 Am. Jur.2d, supra, § 267, pp. 55-57. [at 383-384]
See also Clementon Housing Auth. v. Myers, 115 N.J. Super. 467 (App. Div. 1971).
Although the evidence below is in dispute and an arbiter of the facts might have used other paths to reach a *174 conclusion, there is sufficient credible evidence to support both the method of computation and the quantum of the value determined by the court. Contrary to the appellate contention of Clearwater, the trial judge as the factfinder is not bound by the opinion valuation of the experts on either side. Just as a jury, a judge may adopt "so much of it as appears sound, reject all of it, or adopt all of it." State Highway Com. v. Dover, 109 N.J.L. 303, 307 (E. & A. 1932). We therefore affirm the trial judge's finding that the lands taken by the county have a fair value of $150,000. See Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484 (1974); State v. Johnson, 42 N.J. 146, 162 (1964).

II
The more troublesome problem, and the one which constitutes the major focus of the county's appellate argument, is the propriety of the award for severance damages to the remainder of the tract.
Such severance damage is an appropriate element of a condemnation award in the case of a partial taking. In order to recover such damage the owner must show that the remaining parcel and the parcel which has been taken were constituent parts of a single economic unit. Newark Housing Auth. v. Norfolk Realty Co., 71 N.J. 314, 322 (1976); South Orange v. Alden Corp., 71 N.J. 362 (1976). Where such a showing is made,
The traditional measure of damages for such a taking may be stated as either (1) the value of the property actually taken together with the diminution in value of the part that remains (severance damage) or (2) the difference between the value of the entire property before the taking and the value of the remainder after the taking. Washington Market Enterprises v. Trenton, 68 N.J. 107, 117 (1975); Ridgewood v. Sreel Investment Corp., 28 N.J. 121, 125 (1958); State v. Cooper Alloy Corp., 136 N.J. Super. 560, 567-568 (App. Div. 1975); State v. Interpace Corp., 130 N.J. Super. 322, 329 (App. Div. 1974). [Newark Housing Auth. v. Norfolk Realty Co., 71 N.J. at 321] *175 See also South Orange v. Alden Corp., supra, 71 N.J. at 367; 4A Nichols, Eminent Domain (3 ed. 1975), § 14.23.
After arriving at the conclusion that the total value of the tract prior to the taking was $750,000 and that the condemned portion of the land had a value of $150,000 on the thesis of a deprivation of 20% of the total functional unit, the trial judge proceeded to embark upon a valuation of severance damage to the remainder. In doing so he did not comply with either of the alternative methods set forth in the controlling precedents cited above.
He structured the $100,000 award for severance damage upon evidence relating to the owner's proposed plans for the development of the mobile housing project. More specifically, he found that the offsite improvements and appurtenances to be provided for the common use of those occupying the individual sites, such as a swimming pool, recreation building, roads and grounds beautification, represented fixed expenses amounting to an adjusted sum of approximately $500,000. He reasoned that the cost of these facilities could have been allocated to 400 units when the 85-acre tract was intact. He then found that the severance of the 21 acres by the taking would leave only 320 units to absorb the cost of the common facilities, and that as a consequence, there was a 20% damage to the remainder of the economic unit because of the taking, or $100,000.
It is evident to us, without a consideration of the quantum of the severance damage found by the judge, that the record herein does not support any award for severance damage. As we have noted, when the owner seeks severance damage in a condemnation involving a partial taking the total award must be established by evidence of (1) the difference in value between that of the entire property before the taking and the value of the remainder after the taking, or (2) the value of the property actually taken plus the diminution in value of the part that remains. See South Orange v. Alden Corp., supra, 71 N.J. at 367.
*176 The record fails to reveal any evidence which can fit into either one of these formulas and which can serve as a foundation for a factual finding of severance damage to the remaining parcel. And, in fact, the judge's findings do not even purport to constitute an appropriate determination within the concept of the suggested formulas for evaluation of severance damage in a partial taking.
Furthermore, the additional award for severance damage on the thesis of the effect of the partial taking upon the economic value of the remainder of the unit is wholly inappropriate in view of the basis of the trial court's evaluation of the condemned parcel. In that process of arriving at a determination of $150,000, the judge's reliance upon the effect of the taking on the economic unit by the diminution of the number of projected home sites of necessity constituted the total economic loss to the owner because of the overall impact upon its planned economic development.
To sanction a further award by ascribing the label of "severance damage" to the lesser number of sites available to absorb the cost of common facilities which are part of that total economic unit results in an additional windfall to the owner. Although we found no reversible error in the method of the judge's evaluation of the parcel taken in condemnation, the use of that method forecloses the right of the owner to an additional award for severance damage to the remainder. Such additional award does not grant "just compensation"; it grants double compensation. See Commonwealth v. Blanton, 352 S.W.2d 545, 547 (Ky. Ct. App. 1961); In re Village of Hewlett Bay Park, 56 Misc.2d 1085, 290 N.Y.S.2d 841, 847 (Sup. Ct. 1968).
The award of severance damage on the evidence herein is unwarranted for another reason. It is not based upon the value and condition of the land as of the time of the taking. It is buttressed rather upon the frustration of the plans of the owner for the development of the project encompassing alleged losses which are too speculative and problematical to serve as a foundation for the admeasurement *177 of just compensation. See Clementon Housing Auth. v. Myers, supra, 115 N.J. Super. at 475-476; State v. Mehlman, supra, 118 N.J. Super. at 592; Port of N.Y. Authority v. Howell, 68 N.J. Super. 559, 566-568 (App. Div. 1961). As pointed out by Nichols in his oft-cited treatise on the law of eminent domain:
The measure of damages does not include any special damages suffered through frustration of the owner's plans. [4A Nichols, op. cit. at § 14.241(4).]
See also, United States ex rel. T.V.A. v. Powelson, 319 U.S. 266, 63 S.Ct. 1047, 87 L.Ed. 1390 (1943); United States v. Easement and Rt. of Way, etc., 447 F.2d 1317 (6 Cir.1971); State v. Church of Nazarene, 354 N.E.2d 320 (Ind. Ct. App. 1976); Frontier Town Properties v. State, 36 A.D.2d 148, 319 N.Y.S.2d 3 (App. Div. 1971).
The trial judge's analysis of the severance damage award is not bottomed upon land values or their diminution because of the taking, nor does the record contain evidence to support such a determination. Simply stated the judge undertook to determine that the property owner's future plans would entail either lost profits or income because the owner would have less units available from which he could derive the cost of the common facilities. As far as the evidence in the record is concerned, however, this did not affect the land value of the remainder of the tract as of the time of the taking; it merely affected the quantity of the units from which the owner might recoup the costs of the recreation amenities  a business problem which could be solved in futuro by an increase in the proposed future rentals or sales price of the individual sites.
As we noted in State, Comm'r of Transportation v. Cooper Alloy Corp., 136 N.J. Super. 560 (App. Div. 1975):
While there is a right to recover for proximate damage done to the remaining land, the damage must be to the land, not to the business which is operated on that land. See 4A Nichols, Eminent Domain (3 *178 ed. 1974), § 14.1(1) at 14-21 to 14-24. The problem that arose here is that the trial judge used the damage to the business conducted on the remaining lands as a yardstick to measure the damage to the remainder. [at 570]
The impropriety of the factual basis underlying the trial judge's additional award of severance damage is well summarized in the comprehensive statement in State, Comm'r of Transportation v. Cooper Alloy Corp., supra:
Just compensation generally does not include losses or costs that are incidental to a taking, such as loss to or destruction of good will, loss of profits, inability to relocate or frustration of the condemnee's plans. These items are generally held not to be directly attributable to the realty, but rather peculiar to the owner. Monongahela Navigation Co. v. United States, 148 U.S. 312, 13 S.Ct. 622, 37 L.Ed. 463 (1893). The fact that these losses are noncompensable is justified on the grounds that their value is too speculative, remote and too uncertain for accurate measurement; that they depend on various factors not attributable to the land and, accordingly, furnish no reliable criteria for the fixing of market value at the time of the taking. United States v. General Motors Corp., 323 U.S. 373, 379, 65 S.Ct. 357, 89 L.Ed. 311 (1945); State v. Gallant, 42 N.J. 583, 587 (1964); Port of New York Authority v. Howell, 59 N.J. Super. 343, 348-349 (Law Div. 1960), aff'd 68 N.J. Super. 559 (App. Div. 1961), certif. den. 36 N.J. 144 (1961). Similarly, loss of business profits derived from a going business conducted on the property taken is not the subject of independent compensation aside and apart from the market value of the land taken. Such a business loss is admissible only to show the highest and best use of the land before the taking and the inadaptability of the remaining land to continue such use. N.J. Highway Authority v. Rue, 41 N.J. Super. 385, 387-388 (App. Div. 1956), certif. den. 22 N.J. 340 (1956). [at 568]
In view of the foregoing, we conclude that the award of $100,000 for severance damage is unwarranted and must be set aside.

III
Clearwater asserts error in the prejudgment interest awarded by the trial judge of 8% from December 3, 1974, the date of filing the complaint. We are satisfied that the record amply supports the reasonableness of this determination *179 both as to the rate and the commencement date. Clearwater's contention in this respect is clearly without merit. R. 2:11-3(e)(1)(A).

IV
Accordingly, we affirm the award of $150,000 as just compensation for the portion of the tract taken by the condemnor, and reverse the award of $100,000 for severance damage. We remand the case to the trial court for the entry of an order setting aside the portion of the judgment which relates to the severance damage award of $100,000 and the interest factor applicable thereto, and direct the entry of a judgment which will reflect a total award of $150,000 plus interest at 8% from December 3, 1974, together with such other adjustments as may be appropriate as contained in the judgment of July 27, 1977 and consistent with our opinion.