PER CURIAM.
These are appeals by the taxpayer from the judgments of the Tax Court which reduced assessments to some extent for the years 1984, 1985, 1986 and 1987. These are the assessments in issue:
Block Lot 1984 1985 1986 1987
3720 5 $31,095,700 $35,301,700 $30,924,300 $30,924,300
3720 6 $ 855,600 $ 855,600 $ 1,044,400 $ 1,044,400
4403 1 $ 183,500 $ 183,500 $ 298,600 $ 298,600
3712 18 $ 169,000 $ 169,000 $ 206,300 $ 206,300
Total $32,303,800 $36,509,800 $32,473,600 $32,473,600
After trial, Judge Crabtree of the Tax Court, entered judgment reducing these assessments as follows:
Block Lot 1984 1985 1986 1987
3720 5 $29,270,300 $26,471,300 $24,533,500 $25,139,900
3720 6 $ 804,200 $ 727,300 $ 674,100 $ 690,800
3712 18 $ 160,300 $ 145,000 $ 134,300 $ 137,600
Total $30,234,800 $27,343,600 $25,341,900 $25,968,300
On this appeal the taxpayer raises eight points of error in claiming that the assessments should have been further reduced. They are:
POINT I
THE LOWER COURT ERRED IN ADOPTING ONLY A ONE (1%) PER CENT RESERVED FOR REPLACEMENT.
POINT II
THE LOWER COURT ERRED IN REJECTING THE PLAINTIFF’S EXPERT’S DEDUCTION FOR THE RETURN ON PERSONAL PROPERTY.
*122 POINT III
THE LOWER COURT ERRED IN INCLUDING THE $325,000 RENTAL PAYMENT FOR THE SPA TO GLENPOINTE, INC., INTO THE REVENUES OF THE HOTEL.
POINT IV
THE LOWER COURT ERRED IN REFUSING TO ACCEPT THE PLAINTIFF’S EXPERT’S CASH-ON-CASH EQUITY DIVIDEND RATE AND CAPITALIZATION RATE.
POINT V
THE LOWER COURT FAILED TO ADOPT AN ADVERSE INFERENCE FROM DEFENDANT’S FAILURE TO OFFER ANY TESTIMONY IN OPPOSITION TO PLAINTIFF’S EXPERT’S EXTENSIVE APPRAISAL AND TESTIMONY.
POINT VI
THE LOWER COURT ERRED IN NOT DEDUCTING, AS OFFSETS, FROM THE VALUATION OF THE HOTEL, THE VALUES OF LOTS 19 AND 22, IN BLOCK 3712.
POINT VII
THE LOWER COURT ERRED IN FAILING TO DEDUCT A PORTION OF THE GARAGE (BLOCK 3712, LOT 22), ATTRIBUTABLE TO THE HOTEL.
POINT VIII
THE LOWER COURT INCORRECTLY APPLIED THE CHAPTER 123 RATIO NOTWITHSTANDING THE FACT THAT THE TAXPAYER PRESENTED SUFFICIENT, COMPETENT, AND UNCONTRADICTED EVIDENCE REGARDING THE EGREGIOUSNESS OF THE CHAPTER 123 APPLICATION IN THIS MATTER.
On the cross-appeal, the Township of Teaneck contends: “Absent compelling evidence of the existence of functional or economic obsolescence, the documented actual cost of a newly constructed hotel equates to market value for assessment purposes.”
The property is a full-service, luxury-class hotel on a 9.27-acre parcel on 1-95, three miles from the George Washington Bridge. It has 347 guests rooms, about 19,500 square feet of meeting space, two restaurants, a lounge, a lobby bar and a health club. It is the “crown jewel” in an upscale development complex that also includes residential condominiums, two office buildings, a parking garage and retail shops. It first opened on November 15, 1983. According to the Township of Teaneck, the actual historical cost of this hotel was $36,690,000.
The taxpayer’s sole expert, relying on the income method exclusively, estimated the true value of the hotel for tax evaluation purposes as follows:
*123 1983 $17,900,000
1984 $18,100,000
1985 $21,000,000
1986 $27,200,000
At the trial the taxpayer’s expert made certain adjustments and modified the true value estimates for the tax years in issue to:
1983 $20,665,000
1984 $20,797,000
1985 $23,992,000
1986 $30,696,000
Defendant Township offered no evidence concerning the true value of the hotel, urging the actual cost as true value and standing on its own assessment.
Judge Crabtree adopted the “income approach.” He concluded that “the subject hotel is managed in an efficient manner so as to produce optimal net income.” He proceeded “to extract the hotel’s business value” to arrive at the value of real estate. Appellant’s first four points on appeal are essentially an attack on these calculations. We reject appellant’s contentions and affirm for the reasons given by Judge Crabtree in his written opinion of March 3, 1989, 10 NJ Tax 380, on these points.
We also reject appellant’s contention in Point V that the judge erred in failing to adopt an adverse inference from defendant’s failure to offer any testimony in opposition to plaintiff’s expert appraisal testimony. The appealing taxpayer has the burden of proving the assessment erroneous. Pantasote v. City of Passaic, 100 N.J. 408, 413, 495 A.2d 1308 (1985). The evidence necessary to overcome the presumption of validity must be “definite, positive and certain in quality and quantity.” Aetna Life Ins. Co. v. Newark, 10 N.J. 99, 105, 89 A.2d 385 (1952). As the Township correctly points out, it “was under no legal obligation to shore up the weaknesses in plaintiff’s proofs by the presentation of independent evidence of value.”
*124 In Points VI and VII of its brief plaintiff argues that the judge erred in failing to deduct the value of a parking garage (Lot 22, Block 3712) and a buffer lot (Lot 19, Block 3712), both of which were utilized in conjunction with the Glenpointe Hotel. Plaintiff urges that the parking garage and buffer lot, “fully assessed as separate parcels, should not again be charged (valued as part of the hotel), but rather their values ... must be deducted from the value determination reached by the [Tax] Court for the Hotel.”
In his written opinion Judge Crabtree stated:
The [plaintiffs] expert also included 10% of the value of the parking garage in his valuation of the hotel. As the evidence shows that the hotel paid an annual rental [$20,000] for use of the garage by guests and visitors, no part of the garage will be included in the court’s finding of the hotel’s true value.
As Judge Crabtree’s opinion makes clear, the parking garage was not included in his determination of the hotel’s true value. Plaintiff’s claim that the value of the parking garage should have been deducted from the hotel’s valuation is meritless.
With respect to plaintiff’s claims concerning the so-called “buffer zone” (Lot 19, Block 3712), there is no evidence in the record that Judge Crabtree included this item in the hotel’s valuation. Indeed, in listing the Block and Lots relevant to this case Judge Crabtree does not even mention this particular property. If the buffer zone was not included in the judge’s valuation of the hotel in the first place, there was no need to deduct its value in order to arrive at the hotel’s true value for purposes of appraisal.
Appellant contends in its Point VIII that the judge “incorrectly applied the Chapter 123 ratio notwithstanding the fact that the taxpayer presented sufficient, competent and uncontradicted evidence regarding the egregiousness of the Chapter 123 application in this matter.” We affirm on this point for the reasons given in our opinion on the companion appeal, Glenpointe Associates v. Township of Teaneck, 241 N.J.Super. 37, 50-55, 574 A.2d 459 (1990) (approved for publication on May 5, 1990), and Judge Crabtree’s opinion in the Tax Court in this case. See also Judge Crabtree’s opinion in another companion case, Glenpointe Associates v. Teaneck Tp., 10 *125 N.J.Tax 288, 306-308 (1988), on the discrimination and Chapter 123 issues.
Finally, on the cross-appeal defendant Township contends that the judge erred in finding that plaintiffs hotel property was not a special property, the market value of which would have been properly determined through application of the cost approach to valuation. Defendant contends that the judge’s sole reliance on the income capitalization approach to valuation was erroneous. In support of this contention defendant cites Anaconda Co. v. Perth Amboy, 157 N.J.Super. 42, 384 A.2d 531 (App.Div.1978), vacated and remanded on other grounds, 81 N.J. 55, 404 A.2d 1155 (1979); Pantasote Co. v. Passaic, 6 N.J.Tax 34 (Tax Ct.1983), aff’d 100 N.J. 408, 495 A.2d 1308 (1985), and Transcontinental Gas Pipe Line Co. v. Bernards Tp., 111 N.J. 507, 545 A.2d 746 (1988).
The Township raised the same argument before the Tax Court, which rejected its argument for four reasons:
First, the search is for the fair value of the subject property; and in that connection consideration should be given to all three approaches to value, even if one assumes the property to be special purpose in character. There is no doctrinaire approach to value. New Brunswick v. State of N.J. Div. of Tax Appeals, 39 N.J. 537, 543-544, 189 A.2d 702 (1963); Brockway Glass Co. v. Freehold Tp., 10 N.J.Tax 356, 371 (Tax Ct.1989). In the instant case I find from the evidence that the income approach is the most probative of the subject’s value.
Secondly, there is no evidence in this case that the hotel is a special purpose property. Defendant declined to introduce an affirmative case on the hotel’s true value; the expert testified on cross-examination that in his opinion, the hotel structure could be devoted to an alternate use; and no documentary evidence introduced by either party supports a finding of special purpose.
Thirdly, defendant argues from its premise about the cost approach that plaintiff would not sell the property for less than the cost to build it. Defendant ignores an indispensable component of market sale transactions: there are always two parties, a seller and a buyer, and each of them has a desire that conflicts with the other, namely, the price at which the property will sell for. It may be that the seller is reluctant to sell property for less than he paid to have it built. The prospective buyer, on the other hand, may be unwilling or unable, for a variety of reasons, to pay more than a certain amount, and that amount could be far less than the sellers’ actual cost of construction. “Expensive buildings are frequently sold for much less than cost as is common knowledge____” Haworth v. State Board of Tax Appeals, 132 N.J.L. 306, 308, 40 *126 A.2d 353 (Sup.Ct.1945). See Highview Estates v. Englewood Cliffs, 6 N.J.Tax 194, 201 (Tax Ct.1983).
Finally, the income approach is a viable method of appraising hotels and in many cases is given the greatest weight. Hall and Benton, “Hotel and Motel Valuation,” Encyclopedia of Real Estate Appraising (3rd ed. 1978) 631, 642. Knowledgeable buyers of lodging facilities generally base their purchase decisions on factors such as forecasted net income and return on investment, which are not reflected in the cost approach. Rushmore and Rubin, “The Valuation of Hotels and Motels for Assessment Purposes,” The Appraisal Journal, (April 1984) 270, 273.
Defendant does not allege that the Tax Court judge’s disposition of this issue was the product of an erroneous application of law. Defendant merely assails the testimony of plaintiff’s expert Rushmore and asserts that the judge should have rejected that testimony and applied the cost approach to valuation for the tax years in question.
Special-purpose property has been defined as
property devoted to or available for utilization for a special purpose, such as a clubhouse, a church property, a public museum, a public school and so on. It also includes other buildings having value, such as hospitals, theatres, breweries, etc., which cannot be converted to other uses without large capital investment. [Real Estate Appraisal Terminology (1981) 226.]
Shulton, Inc. v. Clifton, 7 N.J.Tax 208, 216-217 (1983), aff’d 7 N.J.Tax 220 (App.Div.1984). The conclusion of the judge, that there was insufficient evidence in the record to compel a finding that the hotel property is a special-purpose property, was supported by substantial credible evidence in the record. The judge’s discussion was well-reasoned and is firmly based on clear legal precedent.
We affirm on the appeal and on the cross-appeal.