NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



**KATHI F. FIAMINGO**
JUDGE

**120 High Street**
**Mount Holly, NJ 08060**
**(609) 288-9500 EXT 38303**

November 9, 2020

VIA eCourts
Michael I. Schneck, Esq.
Schneck Law Group
301 South Livingston Avenue, Suite 105
Livingston, N.J. 07039

VIA eCourts
Martin Allen, Esq.
DiFrancesco, Bateman, Kunzman, Davis,
Lehrer & Flaum, P.C.
15 Mountain Boulevard
Warren, N.J. 07059

> Re: 11 QC Raritan, LLC by Quick Check v. Borough of Raritan
> Docket Nos. 013473-2019, 002506-2020

Dear Counsel:

This letter constitutes the court's opinion with respect to defendant's motion for reconsideration of this court's order denying defendant's motion to compel more specific answers to its discovery demands on plaintiff. The court finds that defendant has failed to demonstrate that this court's determination was based upon a palpably incorrect or irrational basis, or did not consider, or failed to appreciate the significance of probative, competent evidence presented to the court in the original motion. As a result, the court denies defendant's motion for reconsideration.

**BACKGROUND**

QC Raritan LLC by Quick Check, Tenant/Taxpayer ("plaintiff") filed timely complaints appealing the tax assessments of property located at Block 29, Lot 2.01 on the tax map of the






*

Borough of Raritan ("defendant") for the 2019 and 2020 tax years. Defendant filed answers and counterclaims in each year. Defendant moved to compel more specific answers from plaintiff pursuant to R. 4:23-5(c) which plaintiff opposed. The court denied defendant's motion and issued an order and written statement of reasons in support of its determination.

Before the court is defendant's motion to reconsider its order denying defendant's motion to compel more specific answers, specifically the production of statements relating to the operations of the business at the subject property (i.e. profit and loss, income and expense statements, etc.).

## LEGAL ANALYSIS

R. 4:49-2 provides:

> Except as otherwise provided by R. 1:13-1 (clerical errors) a motion for rehearing or reconsideration seeking to alter or amend a judgment or order shall be served not later than 20 days after service of the judgment or order upon all parties by the party obtaining it. The motion shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or order sought to be reconsidered and a copy of the court's corresponding written opinion, if any.

The court is to grant Motions for Reconsideration under very narrow circumstances. Fusco v. Bd. of Education of City of Newark, 349 N.J. Super. 455 (App. Div. 2002). Reconsideration is appropriate only in a narrow category of cases such as where:

> 1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence. Said another way, a litigant must initially demonstrate that the court acted in an arbitrary, capricious, or unreasonable manner, before the court should engage in the actual reconsideration process.

> [D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990).]

2

Thus, a "litigant should not seek reconsideration merely because of dissatisfaction with a decision of the court." Ibid. Reconsideration is not a tool to "expand the record and reargue a motion." Capital Finance Company v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008). It is properly used to "seek review of an order based on evidence before the court on the initial motion … not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Ibid. (citing Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996)). That is, unless the information was unavailable through reasonable diligence from procurement by the party. See D'Atria, 242 N.J. Super. at 401 (stating that the court can consider new or additional information that the litigant couldn't provide on the first application); see also Fusco, 349 N.J. Super. at 463 (denying reconsideration when the new evidence was a document that plaintiff's counsel decided not to present the first time or overlooked in the initial argument) (internal citations omitted).

Defendant requests that this court reconsider the order denying the motion to compel more specific answers with regards to supplemental interrogatory #7, which requested the production of the subject property's operating statements (i.e. profit and loss, income and expense statements, etc.). Defendant's maintains that the court erred by overlooking a publication of the Appraisal Institute referred to in counsel's argument in support of its motion. The court disagrees.

In support of its initial application defendant argued in its reply brief,

> Raritan is plainly entitled to the requested information as same is "relevant to the subject matter involved in the pending action" and "reasonably calculated to lead to the discovery of admissible evidence." R. 4:10-2(a); In re: Liquidation of Integrity Ins. Co., 165 N.J. at 82. This [c]ourt has relied upon business information in the valuation of properties for tax assessment purposes in appropriate circumstances. See, for example, Glen Pointe Assocs. v. Teaneck Township, 10 N.J. Tax 380 (Tax 1989), aff'd, 12 N.J. Tax 118 (App. Div. 1990); Chesapeake Hotel L.P. v. Saddle Brook Township, 22 N.J. Tax 525 (Tax 2005). The extraction of business income from

realty income for the purpose of valuing a retail fuel station and convenience store has been favorably promoted by the Appraisal Institute in a publication discussing at length the intricacies of issues surrounding the valuation of retail fuel properties such as the subject. See, Robert E. Bainbridge, MAI, SRA, Convenience Stores and Retail Fuel Properties: Essential Appraisal Issues, (Second Edition 2012, Appraisal Institute, 209-213, 239-240, 244-265. At one point in this publication, the author describes what has been commonly applied to hotel properties as the Rushmore Approach:

> A residual income approach can be used to estimate the value of the real property. Once EBIDTA has been determined, the appraiser allocates the portion fo the income stream that represents the return to the FF&E and any intangible assts, including capitalized profit. The remaining income is the portion of EBIDTA that represent (sic) the return to the real estate. This portion of the income stream can then be capitalized b the appraiser into a value estimate for the real estate.

> [Id. at 247].

> In addition, to the foregoing, (sic) the discovery sought may be useful to the Borough's appraiser in adjusting comparable properties against the subject based upon the market information derived from the productivity of the subject site. Therefore, the discovery sought with respect to [s]upplemental [i]nterrogatory #7 is relevant and/or may lead to the discovery or probative and/or relevant evidence. This court should enter an Order compelling the [p]laintiff to provide a fully responsive answer to [s]upplemental [i]nterrogatory #7.

Defendant provided no certification or further documentation to support the theory set forth in the alleged publication and provided nothing to support its suggestion that the "discovery sought may be useful to the Borough's appraiser in adjusting comparable properties against the subject based on the market information derived from the productivity of the subject site. Indeed, with the exception of the paragraph excerpted above, defendant provided nothing to support the assertion that the application of an income approach similar to the Rushmore Approach is appropriately applied to a property similar to the subject.

4

Now defendant argues that the court overlooked the import of its reference to a publication of the Appraisal Institute. Defendant argues that because the Appraisal Institute saw fit to publish Mr. Bainbridge's theories in one of its publications, the court was bound to accept the reference by counsel in its reply brief as support for an order requiring the disclosure of plaintiff's operating statements. The court disagrees that every publication of the Appraisal Institute is, or should be, binding upon this court without more. Defendant had an opportunity to present the "Bainbridge Approach" to the court, but did not. To the extent that defendant provided the court with a block quote from the publication and a citation to the relevant pages, the court did consider that information and determined that it was insufficient to support defendant's demand for the requested information.

Defendant now seeks to expand the record by including information which was clearly within its ability to provide in its initial motion, but which it determined not to provide. While the court acknowledges defendant's assertion that the court has relied on the Appraisal Institute's publication The Appraisal of Real Estate and The Dictionary of Real Estate Appraisal, there has been no wholesale approval of every publication put forth by the Appraisal Institute by this court. The court has reviewed The Appraisal of Real Estate (14th ed.) and finds nothing therein to support defendant's suggested approach to the valuation of the subject property. Moreover, the single paragraph cited in another publication of the Appraisal Institute is insufficient support to require a taxpayer to submit documentation which has no evidential value to the accepted method of valuing real property in this state. The court did not overlook or fail to consider in its finding of fact and law any applicable issue in this matter. The court fully considered that which the defendant put before this court and rejected it. Clearly the certification and information defendant now wishes

5

the court to consider was within the possession of defendant when it made its motion in this matter[1].

Defendant's additional assertion that the discovery sought might be "useful" to the Borough's expert in making adjustments based on "market information derived from the productivity of the subject site" was unsupported by any certification of the appraiser explaining why such information might be useful or in what manner it might be utilized. The court is appreciative of defendant's counsel's argument made during oral argument that appraisers are often criticized for the lack of support for adjustments made in their appraisals. Nonetheless in its initial application defendant did not provide the court with a certification of its appraiser explaining why such information would be useful or how it would be utilized.

Clearly defendant wishes to employ a new methodology of appraising the subject property in a manner which has yet to be accepted by the courts in this state. Defendant made demands upon the plaintiff for information well outside the scope of discovery otherwise expected to lead to admissible evidence in appraising real property. This court's initial determination denying defendant's motion to compel was neither "arbitrary, capricious, or unreasonable," nor did the court fail to consider any controlling law, or facts provided by defendant in support of its motion.

## CONCLUSION

For the reasons set forth above, motion for reconsideration is denied.

Very truly yours,

/s/ Kathi F. Fiamingo

Kathi F. Fiamingo, J.T.C.

---

[1] It is also worthy of note that defendant only made the arguments referenced herein in a reply to plaintiff's opposition and did not otherwise submit it in support of its motion to compel.